## BARBER *vs.* MORGAN.

The complaint in an action for deceit or fraud in the purchase or sale of property, induced or procured by false representations, must in substance state the representations, and aver their falsity and that they were made with intent to deceive the plaintiff and induce him to make the purchase or trade in question, and that they did induce such trade, to the plaintiff's injury.

---

Barber *v.* Morgan.

---

Where, in such an action, there was nothing in the first count of the complaint which amounted to an allegation or averment that the defendant made the representations to induce the plaintiff to make the purchase of the property, or with intent to defraud or deceive him; or that such representations in fact induced the purchase of the property; *Held*, on demurrer, that the count was defective, in these particulars.

The second count of the complaint alleged that the defendant represented to the plaintiff that a company, known as "The New York and Santa Fe Mining Company," was a duly organized corporation with an original capital stock of $5,000,000, of the par value of $100 per share; that said company had very valuable mines which it was then working; that the yield of its mines was of immense value; and that said company would certainly pay quarterly dividends, in gold, of six per cent; and that the stock of the company was very hard and almost impossible to be obtained, it was so valuable. The complaint then alleged that the defendant affirming and declaring that he knew each and every one of such statements to be facts, induced and advised the plaintiff to purchase of and through him four hundred and eighty shares of the capital stock of the said company, which he did purchase, and paid therefor the sum of $13,376; the plaintiff believing and confiding in each and all of the said statements and representations to be true. The count then averred that each and every of said statements were false and were fully known to the defendant to be false.

*Held* that these allegations, together, imputed and implied a fraud purposely and intentionally committed upon the plaintiff, by the defendant, and that the count might therefore be sustained.

*Held, also,* that the plaintiff could not be required to prove, on the trial, any thing more than the representations set forth, the fact that the defendant procured and induced him, in reliance upon such representations, to make the purchase of the stock as stated, and then to prove the utter falsity of such statements and representations, and that the defendant knew them to be false when he made them. That this would make out a clear and complete cause of action, except proof of damages.

APPEAL by the defendant from an order made at a special term, overruling a demurrer to the complaint. The complaint alleged, in the first count thereof, that on or about the 31st day of January, 1865, and at various other times the defendant represented to the plaintiff that there was an actual and duly organized company or corporation known as the New York and Washoe Mining Company, with an original capital stock of about one million of dollars—each share of the par value of $100—and doing business under the general laws of the state of New

York in such case made and provided. That the defendant then and there represented to the plaintiff and to other persons on his behalf that he, the defendant, had full power and authority to sell and transfer $50,000 of said capital stock, and could, and would sell the same, or some, or any part of it, and for $50 in gold, would give one share of said capital stock of the par value of $100. That the defendant then and there further represented to the plaintiff that the said company was the owner of a large mine, in the territory or state of Nevada, containing gold and silver quartz, and which was a splendid mine; that the said company would divide not less than six per cent quarterly, in gold, and more, commencing May 1, 1865. That the said company was also the owner of a splendid mill located at said mine, and was then and there crushing forty tons per day of its quartz, at a net profit of $35 per ton, and then and there adding and declaring that there was no doubt about the matter, and that by moving quick, he, this plaintiff, and others, his friends, who might desire to purchase, could have said stock. That the plaintiff had no knowledge, and was wholly ignorant of the existence or non-existence of the facts and circumstances, each and every of them, as above alleged, and as to the truth or falsity of the said representations and each and every of them, at the time of and prior to the making of the same. And the plaintiff alleged that he, then and there, in good faith, accepted and adopted, and believed the above alleged statements and representations, each and every of them, as being strictly true. And that he, solely in the belief and conviction of the actual truth of each and every of them, did purchase from said defendant, seventy-five shares of said capital stock of said New York and Washoe Mining Company, paying therefor at the rate of $50 gold for each and every share, and which, at the premium which gold then commanded in the market, amounted in greenbacks, so called, to the sum of $7762.50, and which was the actual

amount so paid by the plaintiff to the defendant for said seventy-five shares. And the plaintiff alleged, upon information and belief, that each and every of said alleged representations and statements so as above made by the defendant, were false and untrue; and said defendant well knew them to be false and untrue. That said company did not then and there own a mine of any value, and was not the owner of a splendid mine, or any mine. That said company was not crushing then and there forty tons of its quartz per day at a net profit of $35 per ton. That said company never have and never could, from earnings, or any other honest way, pay six per cent quarterly in gold on the par value of its stock, or otherwise; but on the contrary the plaintiff alleged, upon information and belief, that the said company's property was of little or no value, and said company was then in an unsafe financial condition, and is now largely burdened with debts and mortgages, all of which the defendant well knew. That the said defendant was one of the original projectors and getters up of the said company, and as such knew from its inception and beginning all about the said company and its pretended property, and the falsity of all of the above statements so made as aforesaid by him, and has, during all the time, more or less counseled, advised and governed the management of the same. And the plaintiff alleged that the defendant, by means of the premises, then and there falsely and fraudulently deceived the plaintiff on the said sale, and thereby the stock so purchased as aforesaid, has become, and is of no use or value to the plaintiff, and the plaintiff had sustained great loss thereby, to wit, the full amount of $7762.50, so paid as aforesaid for said stock, together with interest on the same.

And the plaintiff, for a further and second cause of action, alleged that on or about the 25th day of March, 1865, and various other times, the defendant represented to the plaintiff that there was an actual and duly organized

company or corporation known as the New York and Santa Fè Mining Company, of Nevada, with an original capital stock of five million dollars of the par value of $100 per share, and doing business under the general laws of the state of New York, in such case made and provided. That the defendant represented to the plaintiff and other persons on his behalf, that the said New York and Santa Fe Mining Company was then and there possessed of and the owner in fee of a very valuable property in the territory or state of Nevada, with a mile square of territory, and also of several valuable mines located upon said territory, and which mine and mines contained very rich veins of silver and large quantities abounded therein ; that the said company was then and there getting out of said mine and mines large quantities of very rich silver quartz for the mill which the said company then had ordered, of eighty stamps, and which mill would be in operation in said property by the first of November, 1865. That the said mine and mines on said property were the richest silver mines in the country and inexhaustable in silver, and that the said company was working the said mine as a mine, and that the yield was of immense value. That said territory was covered with numerous valuable ledges of silver; that said company would certainly pay from its net earnings of said mines quarterly dividends in gold of six per cent or more ; that the stock of the company was very hard and almost impossible to be obtained, it being so valuable. That the defendant, affirming and declaring to the plaintiff that he knew each and every one of the statements and representations herein above set forth to be facts, thereby induced and advised the plaintiff to purchase of, and through him, the said defendant, 480 shares of the capital stock of the said New York and Santa Fe Mining Company, and which said 480 shares the plaintiff did purchase through the said defendant, and paid therefor the sum of $13,370.60 cents. That the plaintiff, believ-

ing and confiding in each and all of the above mentioned statements and representations to be true, and so believing the truth of each and all of them as made by said defendant, did make the purchase as aforesaid, and did pay the said sum of money as aforesaid. That afterwards, and in and during the month of April, 1865, the defendant again reiterating and renewing said several statements and representations as above set forth concerning the said New York and Sante Fe Mining Company, and its property and mines to this plaintiff, and this plaintiff then fully believing and confiding in the truth of each and all of said statements and representations so as aforesaid, made by the defendant, and being then entirely ignorant of the truth or falsity of the same, did then and there purchase sixty shares more of the capital stock of the said New York and Santa Fe Mining Company, and did pay therefor the sum of $1459.98. The plaintiff further alleged, upon information and belief, that each and all of the statements and representations so as aforesaid made by said defendant to him, were and are false and untrue, and was fully known to said defendant to be false and untrue. That as the plaintiff has been informed and believes, it was false and untrue that the said New York and Santa Fe Mining Company was, at the time of the alleged representations made by the defendant, the owner in fee of any valuable mine or mines, or of any mine, or of one mile square of territory, or any territory, or that the said company, or any of them, was then getting out of said mine or mines, large or any quantities of rich silver quartz, or that the mine or mines were being worked at all—or that the said company then, or at any other time, had ordered an eighty stamp mill, or that such a mill was to be in operation on the first of November, 1865, or at any other time. That it is false and untrue that the said mine, so pretended to be on said property of said company, was the richest mine in the country for silver, or inexhaustible, or that

the yield or product from the same was of immense value, but in truth and fact, the plaintiff alleged on information and belief that the said pretended mine was utterly worthless, and was abandoned by said company, all of which the defendant well knew. That the said company have never paid any dividends whatsoever, and that it was and is false and untrue, that the company would pay any dividends, or six per cent quarterly in gold. And the plaintiff further alleged, upon information and belief, that the defendant was one of the original projectors and getters up of the said New York and Santa Fe Mining Company, and as such, was then cognizant of all its business transactions, and advised and assisted in the management of the same, and also well knew about the pretended property of said company. That he well knew that said company was incorporated upon a fictitious basis and corrupt principles, and could not in the nature of things become or be of any value. And the plaintiff averred, upon information and belief, that said company, as also its property and stock are of no value, and, in fact, never was. All of which, and the falsity of each and all of said statements and representations as hereinbefore set forth, the said defendant well knew at the time of making the same to the plaintiff. And the plaintiff further alleged that at the times of and prior to the making of said statements and representations by said defendant, he, the plaintiff, had no knowledge, and was, in fact, wholly ignorant of the existence or nonexistence of the facts and circumstances, each and every of them, as above alleged to have been stated and declared by the defendant, and as to the truth or falsity of each of said statements and representations. That the defendant, by means of the premises falsely and fraudulently deceived the plaintiff, and induced him to purchase the said stock and thereby the said stock so purchased has become, and is of no use or value to the plaintiff and the plaintiff had sustained great loss thereby, to wit, the full amount,

$14,830.56, so paid as aforesaid, for said stock, together with interest on the same. The plaintiff alleged that prior to the commencement of this action, he tendered and offered to transfer to the defendant the scrip for said seventy-five shares of the capital stock of the said New York and Washoe Mining Company, so purchased and received by the plaintiff, and demanded of the defendant, that the said sum of money so as aforesaid paid by the plaintiff, be repaid by said defendant to him, but which said defendant refused so to do. The plaintiff further alleged that prior to the commencement of this action he tendered and offered to transfer to said defendant the scrip for the said 540 shares of the capital stock of the said New York and Santa Fe Mining Company, of Nevada, so as aforesaid purchased and received by the plaintiff, and then and there demanded of said defendant, that the said sum of money so as aforesaid paid by the plaintiff, be re-paid by said defendant to the plaintiff, but all of which said defendant refused to do. Wherefore the plaintiff demanded judgment against the defendant for the damages which he averred he had sustained by reason of the premises, to wit, $22,593.06, and interest thereon, together with costs.

The defendant demurred to the first count or cause of action as alleged in the complaint, and specified the following as the ground of objection to said first count, to wit: That there are not sufficient facts stated in said first count, to constitute a cause of action in favor of said plaintiff against him, the said defendant.

The defendant also demurred to the second count or cause of action, as alleged in said complaint, and specified the following as the grounds of objection to said second count of the complaint, to wit:

1st. That there are not sufficient facts stated in said second count to constitute a cause of action in favor of said plaintiff, against him, the said defendant.

2d. That several causes of action have been improperly united in said second count of the complaint.

On argument, at special term, the demurrer was over-ruled, and judgment ordered for the plaintiff, with leave to the defendant to put in an answer within twenty days, on payment of costs.

*D. Wright,* for the appellant. I. There is no allegation that the stock was not, *at the time the plaintiff purchased it,* worth all he gave for it. The only statement in regard to that matter is, that " defendant represented to the plaintiff that there was an actual and duly organized company or corporation known as the New York and Washoe Mining Company, with an original capital stock of about one million of dollars, each share of the par value of $100." This is the *only* allegation in the first count in regard to the value. There is an allegation at the conclusion of the count, " that the said defendant by means of the premises, then and there falsely and fraudulently deceived the said plaintiff on the said sale, and *thereby* the stock so purchased as aforesaid, *has become, and is* of no use or value to this plaintiff, and this plaintiff has sustained great loss thereby, to wit, the full amount $7762.50, so paid as aforesaid for said stock, together with interest on the same." As a pleading this is simply absurd; that the stock of a mining company became of no value, by reason of the false and fraudulent representations of any one in regard to its property or affairs, is a *non-sequitur.* Strike this out and there will be no allegation upon the subject left. Merely to conclude by saying the plaintiff has suffered damage can hardly be held to be good pleading in any court. All that is stated in this count may be strictly true, and the stock may very well have been worth par, in gold, *at the time the plaintiff purchased it.* That it became worthless afterwards to the plaintiff, will not charge the defendant. And this alone should sustain this demurrer.

Barber *v.* Morgan.

In the case of *Bennett* v. *Judson,* (21 *N. Y. Rep.* 238,) the complaint states that the land was *comparatively worthless,* speaking as of *the time of the sale.* In the case of *Zabriskie* v. *Smith,* (13 *N. Y. Rep.* 322,) the complaint states "but Smith was then (alluding to the time of the representations) and has been ever since insolvent." Suppose the plaintiff in that case had alleged that Smith *thereby became* insolvent, &c. would any court deem the allegation sufficient, or even pertinent? In the case of *Newberry* v. *Garland,* (31 *Barb.* 124,) the allegation was, referring to the shares, " the same being then of no value." In the case of *Cazeaux* v. *Mali,* (25 *Barb.* 579,) the allegation was "the stock worth par, and the market price thereof about the same." But it is useless to multiply authorities. It will not be contended that any recovery can be had without proof that the stock *at the time of the purchase* was less than the price paid. If necessary to be proved, it must be averred.

II. There is no allegation that the stock has ever been of less value than $50 per share in gold. The only allegation upon that subject is, that *thereby,* that is by reason of defendants representations, "the stock so purchased as aforesaid *has become,* and is, of no use or value to *this plaintiff.*" Notwithstanding, it may be worth par in the market. The measure of damages is not what the stock is worth *to the plaintiff;* no other damage is alleged, and therefore the complaint does not state facts sufficient to constitute a cause of action.

III. There is no averment, anywhere, in this count, that the defendant *made* the representations falsely and fraudulently, and with *intent to deceive* anybody; without that averment, there can be no cause of action. The jury must find that *as a fact,* or the plaintiff cannot have a verdict. It cannot be found unless alleged. The case of *Addington* v. *Allen,* (11 *Wend.* 374,) settled this question in this state. The complaint in this case cannot be sustained without

Barber *v.* Morgan.

overruling the case of *Addington* v. *Allen.* (*See Fance* v. *Martin*, 3 *Seld.* 210.) The same rule prevails since the Code. (*Wells* v. *Jewett*, 11 *How. Pr.* 242. *Mead* v. *Mali*, 15 *id.* 347. *Palmer* v. *Smedley*, 18 *id.* 321.) In the case of *Morse* v. *Swits*, (19 *How.* 275,) the court held that the allegation that the report " was made with intent to deceive and defraud the holders and owners of the stock of said bank, *and those who might become purchasers and owners thereof*" was sufficient. This is the strongest case which can be found for the plaintiff, but it will not sustain his declaration. For in that, there is no averment of *any intent* whatever. In the case of *Cazeaux* v. *Mali*, (25 *Barb.* 578,) the averment was that the representations were made "for the purpose of inducing parties, particularly the plaintiff, to purchase said stock," which the court, on demurrer, held to be sufficient. In the opinion it is said " the representation must be false in fact, and so known to the defendant; must have been made with *the intent to deceive*, &c. (*P.* 583.) On page 584, the court say : " The rule is saved from too great laxity in all these cases, by one indispensable part of it, namely, that in all cases it is asserted that the false representation, or the concealment which made the partial statement practically false, should be made with the intent to deceive," (citing *Addington* v. *Allen*, in Court of Errors.) This being a general term decision and directly in point, ought not to be overruled, even were it doubtful, which it is not. The same was held to be the law in the case of *Newberry* v. *Garland*, (31 *Barb.* 122,) where *the intent* was distinctly alleged. (*See p.* 129.) In the case of *Zabriskie* v. *Smith*, (13 *N. Y. Rep.* 322,) the averment was that the defendant wrongfully and deceitfully encouraged the plaintiff to sell goods to one Sayre ; "that *in order to induce them to do so*, the defendant, in April, 1849, sent a letter," &c. Judge Denio, in his opinion, (*p.* 330,) says : " In *Allen* v. *Addington*, (11 *Wend.* 374, 386,) the court for the correction of errors,

Barber *v.* Morgan.

decided that in an action of this kind the plaintiff must aver that the false representation was made *with intention to deceive and defraud him.* Under our present system of pleading, I conceive that a complaint should contain the substance of a declaration under the former system," &c. and he held the averment in this case sufficient. This case was not a demurrer, but after verdict, and yet the reasoning of Judge Denio is amply sufficient to sustain the demurrer. Hand and Marvin, justices, were for reversal. I submit that this case has gone as far as the facts can go to sustain a complaint, even after verdict. In the case of *Bennett* v. *Judson,* (21 *N. Y. Rep.* 238,) the averment was, "that the defendant, *for the purpose of effecting a sale* to the plaintiff of certain lands, &c. made false and fraudulent representations," &c. In *Thomas* v. *Beebe,* (25 *N. Y. Rep.* 244,) the case does not warrant the head note. The declaration alleged that "*in consideration that the plaintiff would buy of him a farm,* &c. falsely and fraudulently represented and alleged that said farm contained ninety acres of land." There was not only no demurrer, but the cause was fully tried upon the merits without any objection being taken to the insufficiency of the complaint. Some question *seems* to have been made upon the argument in regard to the sufficiency of the complaint, although nothing of the kind appears in the statement of the case. For Judge Selden, in his opinion says: "It is not stated that *the defendant knew that the farm did not contain ninety acres.* The complaint was doubtless sufficient, (2 *John.* 550,) but assuming that it may have been defective, the cause was tried without objection on that account, both parties introducing evidence bearing upon the question whether the misrepresentation was willful, and the case must be considered now, as if the *scienter* had been fully alleged, assuming such allegation to be necessary." This cannot *decide* the case before the court, because, 1st. The question now before the court was not hinted at in that case. The

question tried to be raised, was, whether it was necessary to allege that the defendant *knew the representation made by him to be false.* Quite another and different question from what he *intended* by his representation. 2d. No such objection was taken either by demurrer, or upon the trial, and of course it could not be taken for the first time in the Court of Appeals, and hence it was not before the court. 3d. The case cited by Judge Selden, (2 *John.* 550,) was good authority for the remarks made by him, as the same question was involved in that case, as the judge was then considering; but that it is not an authority to uphold this complaint against a demurrer, will appear by reference to the remarks of Senator Tracy, in the case of *Addington* v. *Allen*, (11 *Wend.* 374.) He there says : "But if this count stated, what clearly it does not, that the plaintiff gave the credit to Baker, in consequence of representations made by the defendant, and that these representations were untrue, and known *to* be untrue when made, yet there is still wanting an ' indispensable averment, which is, that the defendant made the representations *with an intention to deceive and defraud the plaintiff.'* It has been seen in the cases already cited, and especially *Ames* v. *Millward*, (2 *Moore,* 713,) that the mere assertion of a falsehood by one party, although producing damage to another, will not sustain the action unless the *intention to defraud* is also proved. *This intention, therefore, should be distinctly alleged in the declaration, for it* constitutes the very gist of the action. In *Bayard* v. *Malcom*, (2 *John.* 550, *the same case cited by Judge Selden*,) Senator Clinton forcibly remarks, ' to say that the plaintiff need not state the very fact which constitutes his right of action, is not only repugnant to the dictate of common sense, but is counter to the whole consent of authorities,' " &c. In the case of *Smith* v. *Countryman*, (30 *N. Y. Rep.* 655,) the allegation was, that the statement "was false and fraudulent, was made to deceive and

Barber *v.* Morgan.

defraud the defendant." In the celebrated case of *Hubbard* v. *Briggs*, as reported in 31 *N. Y. Rep.* 518, the form of the complaint is not given, and no question was made in regard thereto. In the case of *Mead* v. *Bunn*, (32 *N. Y. Rep.* 275,) the form of the complaint is not given, but it is evident from the opinion of Porter, J. that the *scienter* was proved, and therefore it is right to presume that it was alleged. I have now cited the cases from 5 *John.* to 32 *N. Y. Rep.* and not one can be found to sustain a declaration in deceit, against a demurrer, wherein it is not alleged that the representations were made *with intent to deceive or defraud.* That they were falsely and fraudulently made will not answer. The gist of the action, as is truly stated by Senator Tracy, in the case of *Addington* v. *Allen*, is the *intent*, and it must be affirmatively alleged. Justice Johnson, in his opinion in this case, mentions as one of the necessary facts to constitute the cause of action, " that the party making it, knew it to be contrary to the fact; or that he *intentionally* made the representation whether it was true or false ; for the purpose of inducing the other party to act upon it." And yet he held the complaint sufficient which did not allege such *necessary fact* to exist. Even the Code requires " a plain " and concise statement of the facts " constituting a cause of action " to be stated. (§ 142, *sub.* 2.) This has not been done in this case, for that these alleged representations were made *with intent* to defraud is one of the facts which must be found, and it is not alleged.

The order overruling the demurrer should, therefore, be reversed.

The second count must share the fate of the first, and I will offer no separate argument in regard thereto.

*T. R. Strong*, for the respondent. I. The first count in the complaint states a perfect cause of action; positive

Barber *v.* Morgan.

representations by the defendant to the plaintiff, and others in his behalf, about matters of which the defendant professed to have full knowledge, to induce a purchase by the plaintiff of the defendant of stock, and calculated to influence the plaintiff to make the purchase; the belief of the plaintiff of the truth of the representations, he having no knowledge to the contrary; and his purchase of stock; confiding in and influenced by the representations; the falsity of the representations; the knowledge by the defendant of their falsity, and the loss and damage thereby to the plaintiff. Here is every element of a cause of action for fraud.

The representations alleged are : To the plaintiff, that there was an actual and duly organized company, or corporation, &c. with an original capital stock of about $1,000,000 ; each share of the par value of $100. To the plaintiff, and others on his behalf, that the defendant had full power and authority to sell and transfer $50,000 of the stock for $50 a share in gold. To the plaintiff, that the company was the owner of a large mine in Nevada, containing gold and silver quartz, which was a splendid mine; and the company would not divide less than six per cent quarterly in gold. That the company was also the owner of a splendid mill at the mine, and was crushing forty tons of quartz per day, at a profit of $35 per ton; that there was no doubt about the matter, and that by moving quick the plaintiff and his friends could have said stock. It appears upon the face of the representations they were made to influence the plaintiff to purchase stock. As to the plaintiff having confided in, and been influenced by the representations to make the purchase, it is alleged that he had no knowledge to the contrary thereof; that he accepted and believed them, and solely in such belief, purchased seventy-five shares of stock, paying therefor $50 in gold, per share, making in all $7762.50 in currency. The falsity of each and every of the representations is then

alleged; and it is particularly averred that the company did not own a mine of any value; was not the owner of a splendid mine, or any mine; that the company was not crushing forty tons of quartz a day at a net profit of $35 a ton; could not pay six per cent quarterly in gold; that the company's property was of little or no value; the company was in an unsafe financial condition; all of which the defendant well knew. And it is alleged the defendant knew the representations to be false and untrue; that he was one of the proprietors and getters up of the company, and knew all about it and the falsity of the statements. It is averred that the defendant, by means of the premises, falsely and fraudulently deceived the plaintiff on the sale. The intent of the defendant to defraud the plaintiff, necessarily follows from the allegations made, and is substantially and fully stated. As to the damage to the plaintiff, it is alleged that the stock became and is of no use or value to the plaintiff, and he has sustained great loss thereby, and to the full amount paid by him for the stock, being $7762.50, with interest thereon. (*See Sharp* v. *The Mayor, &c.* 40 *Barb.* 256; *Bennett* v. *Judson*, 21 *N. Y. Rep.* 238; *Craig* v. *Ward*, 36 *Barb.* 377; *Newbery* v. *Garland*, 31*i id.* 121.)

II. The second count also states a perfect cause of action, for the like reasons given in respect to the first. And it is not subject to a demurrer for improperly uniting different causes of action. It states but a single cause of action. But if it states more than one, the two are not causes of action which cannot properly be united.

Where a single count states two or more causes of action, the remedy is not by demurrer, but by motion. (*Fickett* v. *Brice*, 22 *How. Pr.* 194. *Id.* 270. 4 *Abb. Dig. p.* 479. 16 *Abb. Pr.* 466. *See note to* § 144, *subd.* 5, *Voorhies' Code*, 1867.) Redundant irrelevant matter, is no ground of demurrer.

*By the Court*, E. DARWIN SMITH, J. The complaint in an action for deceit or fraud in the purchase or sale of property induced or procured by false representations—and such is this action—must in substance state the representations, and aver their falsity, and that they were made with intent to deceive the plaintiff and induce him to make the purchase or trade in question, and that they did induce such trade, to the plaintiff's injury. Deceit or fraud with damages gives a good cause of action. Since the case of *Pasley* v. *Freeman*, (3 *Term Rep.* 51,) this has been settled law. The complaint in this action contains two counts. The demurrer is to each and to both counts upon the ground that they do not respectively state facts sufficient to constitute a cause of action. The representations made, and their falsity, and that the defendant knew of their falsity, are clearly and positively stated with sufficient distinctness, in both counts, and no question is made in respect to these allegations. The chief objection to the complaint urged on the argument in support of the demurrer was that the complaint does not, in either count, sufficiently aver that the false representations were made with intent to deceive the plaintiff, or to induce him to purchase the stock in question, and that the damages are not alleged with sufficient certainty. In *Addington* v. *Allen*, (11 *Wend.* 402,) it was held that a complaint in an action for false representations must aver that the defendant made the representations *with an intent to deceive and defraud the plaintiff*. Neither count in this complaint contains such averment, in express terms, and if the Code has not changed or modified the rules for the construction of pleading in such cases, this objection must prevail. In the case of *Addington* v. *Allen* the objection was held valid, after verdict, and the judgment arrested for such defect in the declaration. Within this case and numerous others following it since, in this court and the Court of Appeals, I do not think the first count in this complaint can be

sustained. It is our duty to construe pleadings liberally, under the Code, but there is nothing in substance in the first count which amounts to an allegation or averment that the defendant made the representations to induce the plaintiff to make the purchase of the stock in question, or with intent to defraud or deceive him, or that such representations in fact induced the purchase of said stock. This is of the essence of the cause of action, and must be in substance alleged. (*Morse* v. *Swits,* 19 *How. Pr.* 275. *Cazeaux* v. *Mali,* 25 *Barb.* 578. *Zabriskie* v. *Smith,* 13 *N. Y. Rep.* 322.) But within the rule asserted in the case of *Zabriskie* v. *Smith,* I think the second count may be sustained. In that case Judge Denio says: "Under our present forms of pleading I conceive that a complaint should contain the substance of a declaration under the former system. It is sufficient, however, that the requisite allegations can be fairly gathered from all the averments in the complaint, though the statement of them may be argumentative, and the complaint deficient in technical language." Applying this rule to the second count I think it makes out a good cause of action, and that proof of the facts stated in it will entitle the plaintiff to a verdict; which is really the true rule to determine the sufficiency of a complaint. In this count the pleader repeats the representations as stated in the first count, in which, among other things, it is alleged that the defendant represented that a company known as "The New York and Santa Fe Mining Company," was a duly organized company or corporation with an original capital stock of $5,000,000, of the par value of $100 per share. That said company had very valuable mines which it was then working; that the yield of its mines was of immense value; that said company would certainly pay quarterly dividends, in gold, of six per cent, and that the stock of the company was very hard and almost impossible to be obtained, it was so valuable. The complaint then

alleges that the defendant then and there affirming and declaring to the plaintiff that he knew each and every one of the statements and representations therein set forth to be facts.; then and there induced and advised the plaintiff to purchase of and through him, the said defendant, four hundred and eighty shares of the capital stock of the said company, which shares the plaintiff did then and there purchase through the said defendant, and paid therefore the sum of $13,376.66. The said plaintiff then and there believing and confiding in each and all of the said statements and representations as above set forth to be true." The count then avers that each and every of said statements were and are false and untrue, and were fully known to said defendant to be false and untrue. These allegations, together, impute and imply a fraud purposely and intentionally committed by the defendant upon the plaintiff. The plaintiff, I think, could not be required to prove on the trial any thing more than the representations stated, the fact that the defendant at the time procured and induced him in reliance upon such representations to make the purchase of the stock as stated, and then to prove the utter falsity of such statements and representations, and that the defendant knew them to be false when he made them. This would make out a clear and complete cause of action, except proof of the damages. The case of *Addington* v. *Allen,* and most of the cases cited in the defendant's points, where the rule is held and stated "that the complaint in these cases should contain the averment that the representations were made with intent to deceive, were cases where the defendant was not the party benefited by the fraud or personally interested in the purchase or trade induced by such fraud. In *Addington* v. *Allen,* Addington represented one Baker to be good, and Allen sold Baker goods upon the faith of such representations. In *Zabriskie* v. *Smith,* Smith represented a merchant by the name of Walter H. Smith to the plaintiff

to be good, and induced him to sell goods to said Walter H. on credit. It was properly a question in that case whether the representations were made with intent to deceive and defraud. And such must be the case whenever the representations are made to aid a third person, or to give him credit. The intent on the part of the person making the representations, in such cases, to give a false credit to such third person to enable him to deceive and defraud some other person is of the very essence and basis of the cause of action. The whole right of action in such cases depends upon such fact to be established; that the party making the representations made them knowing them to be false, and with intent to deceive and induce the person to whom they were addressed to part with his property to such third person on the faith of such representations. There is no fraud in such case, and no liability, unless there was this intent to deceive and defraud. But in this case the complaint states a palpable personal fraud committed by the defendant on the plaintiff for his own benefit, by which he obtained from the plaintiff at the time $13,000 and upwards for stock in said mining company, which he then represented to be very valuable and worth par, and which the complaint alleges he knew at the time was utterly worthless. A bolder or grosser fraud could hardly be alleged, and it would be trifling with the course of justice to hold that a complete cause of action was not made out by proof of these facts. In the language of Judge Denio, in *Zabriskie* v. *Smith,* certainly the requisite allegation of an intent to deceive and defraud can be fairly gathered from all the averments in this count. An allegation of such intent is involved in the very statement of the facts of the trade. It is patent on the face of the transaction. It is no more necessary, in my opinion, to allege expressly that these statements and representations were made with intent to deceive and defraud the plaintiff, in such case than it would be in an

action for assault are battery, if the defendant had knocked the plaintiff down at the time and destroyed one of his eyes or broke his nose, to aver that he struck such blow or blows with intent to injure the plaintiff. The facts stated in both cases involve an allegation of the requisite intent, to sustain the action. On the question of damages the plaintiff clearly, under this count, would be entitled to recover some damages. The representation was that the stock was very valuable and worth par. It is averred in this count that the said company, as also its property and stock, are of no value and in fact never was. This was clearly intended to be an averment that the stock never had any value, and was of no value at the time of the purchase of it by the plaintiff, and the plaintiff would be entitled to make such proof, under this averment. The words, *never was*, were clearly used to assert that the stock never was of any value, in the connection in which these words are used, and should be so interpreted; and the pleader further, in another part of the count, alleges that the said stock is of no use or value to the plaintiff, and that he has sustained great loss thereby, to wit, the full amount of $14,838.50 so paid for said stock, with interest. In the averment following, that by means of the premises the said defendant had fraudulently deceived him, the plaintiff, and induced him to purchase said stock, the pleader intended to state and draw the general conclusions and averments of fraud and damages from the whole facts previously stated. In connection with the other allegations and averments it amounts, I think, to a sufficient averment of damage sustained by the plaintiff from the defendant's fraud, construed with that liberality which section 156 of the Code requires with a view to substantial justice.

The whole complaint is loosely drawn, and its statements are more or less wanting in logical and technical precision and explicitness, but in view of the liberal rules which we

are required to apply in the construction of pleadings, I think the second count is sufficient, and the demurrer to that count should be overruled and the order appealed from so far reversed; but in respect to the first count the order should be affirmed, and the demurrer allowed to such count, with leave to the plaintiff to amend on payment of the costs of the demurrer, and to the defendant to answer over on payment of like costs. If the plaintiff elects to amend, and the defendant to answer over, neither party should have costs upon the demurrer, on appeal.

[MONROE GENERAL TERM, December 2, 1867. *J. C. Smith, Welles* and *E. D. Smith*, Justices.]