### GARFIELD *v.* BLAIR.

*(Supreme Court, General Term, Fourth Department. May 2, 1890.)*

1. CONTRACTS—VALIDITY—PUBLIC POLICY.

In an action for moneys belonging to plaintiff which came into defendant's hands, defendant pleaded and testified that plaintiff agreed to give him part thereof if he would refuse to pay a certain note which he had given in settlement of certain actions against him wherein plaintiff was attorney for the persons suing, and that plaintiff agreed to furnish evidence to defeat a recovery thereon. *Held,* a charge that, if the money came into defendant's hands in pursuance of such an agreement plaintiff could not recover, because the contract was immoral and against public policy, was as favorable as defendant could ask, and was not erroneous.

**2.** TRIAL—UNANSWERED INTERROGATORIES.

Three questions, in substance as follows, were propounded to the jury: (1) Was such an agreement made? (2) If it was, was the money delivered to defendant in pursuance thereof? (3) Was the arrangement sworn to by a certain witness, in regard to allowing the note to go to protest, entered into between plaintiff and defendant? The first two questions were answered in the negative, but the third was not answered. *Held*, the two answers given disposed of the defense, plaintiff was therefore entitled to judgment, and the failure to answer the third was immaterial.

Appeal from special term, Onondaga county.

Suit by Isaac D. Garfield against Charles C. Blair. The verdict and judgment were for the plaintiff. A motion for a new trial was denied, and defendant appealed.

The action was to recover the sum of $1,270.21, with interest from May 29, 1886, for money belonging to the plaintiff which came into the defendant's hands. The defense was that there was an agreement between the parties that, if the defendant would refuse to pay a note held against him for $4,000, which had been given in settlement of certain actions in which the plaintiff was attorney for the parties who had sued the defendant, the plaintiff would furnish information which would defeat a recovery thereon; but, in case the note was collected of the defendant, he should be entitled to $750 of the money which came into his hands, and which belonged to the plaintiff for services performed by him as attorney for the other parties to such actions. The evidence upon the part of the plaintiff showed that the defendant received the sum of $1,500 for the plaintiff, and that no part had been paid, except that it was agreed between the parties that the sum of $229.78, which the plaintiff was then owing the defendant's firm, should be deducted therefrom, leaving due the plaintiff the sum of $1,270.21. The defendant's evidence tended to show that the plaintiff promised to give the defendant one-half of his interest in said $1,500 if he would decline to pay the note, and one-half of whatever was saved outside, and that the plaintiff stated to the defendant that he had a perfect defense to the note, and he thought that the defendant would not have to pay it. The plaintiff was at this time the attorney for other parties to the actions included in the settlement, and the relation of attorney and client existed between the plaintiff and the real parties interested in the debt for which such note was given. The evidence of the defendant as to such agreement was disputed by the plaintiff. The court charged the jury, in substance, that if the agreement between the parties was as testified to by the defendant, and the check in question was delivered to him in pursuance of such agreement, the plaintiff could not recover, as the contract was immoral, against public policy, and could not be enforced. To this portion of the charge the defendant excepted. He requested the court to charge that the agreement was valid as to him, which was refused, and an exception was taken. The court also charged that the burden of establishing the defense set up in the answer was upon the defendant, and the defendant duly excepted. The jury was not only directed to find a general verdict in the case, but there were also submitted to be answered by it three question, which questions, answers, and verdict were as follows: "The jury rendered the following verdict: To the first interrogatory, did the plaintiff, Garfield, and the defendant, Blair, enter into an agreement in relation to allowing the $4,000 note made by Blair and given to Daniel Gates to go to protest, and to litigate its payment, as sworn to by Charles C. Blair? they answer, 'No.' To the second interrogatory, if the jury find the agreement was made as sworn to by Blair, was the $1,500 check delivered by Mr. Brown to defendant, Blair, so delivered by Garfield's direction, and in pursuance of such agreement, and to carry same out? they answer, 'No.' To the third interrogatory, was the arrangement sworn to by the witness Garfield in relation to defendant, Blair, allowing the $4,000 note to go to protest, and to be sued, entered into as tes-

tified by them? And the jury further say they find for the plaintiff in the sum of $1,331.37."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Louis Marshall*, for appellant.   *Wm. G. Tracy*, for respondent.

MARTIN, J.   We find nothing in the defendant's exceptions to the charge which would justify a reversal of the judgment appealed from.   The court, in effect, charged that, if the defense set up in the answer was established, the plaintiff could not recover.   This was as favorable to the defendant as he could properly ask.   That the charge was more favorable to him than he asked or was entitled to is not a ground for reversal.   Besides, the jury have expressly found that the agreement set forth in the answer was not made, and hence, if the charge as to the legal effect of such an agreement was erroneous, the defendant could not have been injured by it.   The court properly charged that the burden of establishing the affirmative defense set up by him was upon the defendant.   The undisputed proof was that the $1,500 check in question was to be left with the defendant for the plaintiff.   Such were the directions of the plaintiff to the witness Brown, who received it for him, and it was in pursuance of such directions that it was received by the defendant, as is shown by his receipt given to Brown.   Under these circumstances, the burden of establishing the defense relied upon was to be borne by the defendant.   Nor do we think that the appellant's contention, that the failure of the jury to answer the third question submitted constituted such a mistrial as requires a reversal of the judgment, can be sustained.   It is quite manifest that, if the defendant failed to establish his defense, the plaintiff was entitled to the recovery awarded him.   Therefore, when the jury answered the first two questions in the negative, it was a complete determination by it that the defense was not sustained, and that the plaintiff was entitled to the general verdict rendered.   The validity of the verdict in this case is fully sustained by the doctrine of the case of *Murray* v. *Insurance Co.*, 30 Hun, 428, 96 N. Y. 614, and the same distinction exists between the case at bar and the case of *Ebersole* v. *Railroad Co.*, 23 Hun, 114, as is there pointed out.   Moreover, there was no exception to the form of the verdict, nor objection to its entry. There was a conflict in the evidence upon the questions raised by the defendant's answer.   They were fairly submitted to the jury, and it found for the plaintiff.   There was no such preponderance of evidence in favor of the defendant as requires or would justify us in disturbing the judgment.   We think the judgment should be affirmed.   Judgment and order affirmed, with costs.   All concur.