THE KINGSTON NATIONAL BANK, Respondent, v. AUGUSTUS H. VAN
BUREN, as Administrator, etc., of NICHOLAS E. BRODHEAD,
Deceased, Appellant.

*Misappropriation of moneys — burden of proof.*

In an action brought to recover for money misappropriated it is necessary for the
party alleging the misappropriation to produce evidence to overcome the pre-
sumption of innocence which exists in favor of the defendant.

APPEAL by the defendant, Augustus H. Van Buren, as adminis-
trator, etc., of Nicholas E. Brodhead, deceased, from a judgment of
the Supreme Court in favor of the plaintiff, entered in the office of
the clerk of the county of Ulster on the 21st day of March, 1895,
upon the report of a referee.

*John J. Linson*, for the appellant.

*V. B. Van Wagonen*, for the respondent.

PUTNAM, P. J.:

The plaintiff presented to defendant, as administrator, a claim
against the estate of Nicholas E. Brodhead for $625 and interest,
for money alleged to have been collected by deceased of the firm
of George B. Merritt & Co. for the plaintiff.

Defendant, doubting the justice of said demand, the matter in
controversy was referred pursuant to the statute. The referee,
after hearing the proofs and allegations of the parties, made findings
in favor of the plaintiff and judgment was duly entered thereon.

Defendant now appeals on the ground that the judgment is
unsupported by the evidence.

We have, therefore, carefully read and considered the testimony
in the case. While it is possible that the referee could have prop-
erly reached a different conclusion than the one arrived at, on the
question of fact submitted to him, we are of opinion that on the evi-
dence this court cannot properly reverse the judgment on the facts.

It appeared upon the trial that the deceased, as an officer of
plaintiff collected of G. B. Merritt & Co. by their check drawn on
the plaintiff, $625 on June 8, 1891; that the money was drawn
from the bank on said check; that for a time the $625 so drawn

was pinned fast to a slip of paper and laid aside in the vault; that it lay there for some time ; that afterwards said money had been taken from the vault.   It also appeared that Mr. Brodhead left the bank as cashier on July 31, 1891.   After that the witness Hume, the then cashier, testified that he had a conversation with Brodhead, and asked him what had become of the $625 which was to be applied on G. B. Merritt & Co.'s indebtedness.   Brodhead replied, " I am holding it for the present."   Hume testified further that " Neither the $625 nor any part thereof has been paid to the bank to be applied on the indebtedness of G. B. Merritt & Co."   The evidence of the witness Hume was not contradicted.   No attack was made on his character.   He was an officer of the plaintiff inquiring of an ex-officer as to $625 collected by the latter.   Brodhead then told him, after he had left the employ of the plaintiff, that he had the $625 in his possession, and the witness further testified that neither the money nor any part thereof had ever been paid into the bank.

This testimony of an unimpeached and uncontradicted witness it seems to us justified the conclusion reached by the referee.   It is true, as urged by the learned counsel for the appellant, that in an action to recover for money misappropriated it is necessary for the party alleging the misappropriation to prove it, and to produce evidence sufficient to overcome the presumption of innocence in favor of the defendant.   But in this case the plaintiff satisfactorily proved the facts by the admission of Brodhead.   While it is true, as held in works upon evidence, that in many cases an admission is the weakest kind of testimony, yet an admission made as was that of Brodhead to Hume, is most satisfactory evidence.   It was an admission made in the course of business.   Hume was plaintiff's cashier.  Deceased was its ex-cashier.   The former was inquiring, as he properly could, in regard to money collected by deceased while cashier of plaintiff.   To such inquiry Brodhead, in substance, told plaintiff's cashier that he had the money, and Hume further testified that it was never paid to plaintiff.

This evidence, we think, sustains the finding of the referee, and we, therefore, conclude that the judgment should be affirmed, with costs.

Herrick and Fursman, JJ., concurred.

Judgment affirmed, with costs.