DANIEL LE ROY DRESSER, Respondent, *v.* MERCANTILE TRUST COMPANY and Others, Appellants, Impleaded with JOHN W. YOUNG and JAMES H. HYDE.

*Pleading — fraud — complaint not stating action for deceit inducing purchase of stock — failure to state damage — contract — complaint stating breach of contract to pay notes — allegation of failure to pay at maturity — presumption of non-payment — burden of proof — allegations stating conclusions.*

Appeal from an interlocutory judgment entered in the office of the clerk of the county of Nassau on the 23d day of May, 1907. Interlocutory judgment affirmed, with costs, on opinions of Mr. Justice Carr at Special Term. Woodward, Jenks, Hooker, Gaynor and Miller, JJ., concurred.

The following is the opinion of the court below upon the original argument :

CARR, J. : The first cause of action in the complaint attempts to set forth either two causes of action or two items of damage arising from one cause of action. The defendants demur to it on two grounds, as follows: (a) That it fails to state facts sufficient to constitute a cause or causes of action: (b) that in it are improperly joined a cause of action for a tort and one on a contract, both of which do not arise out of the same transaction. After a careful consideration of

---

*See General Rules of Practice, rule 31; Mun. Ct. Act (Laws of 1902, chap. 580), § 20.—[REP.

the somewhat voluminous allegations contained therein, I am of opinion that it does not set forth facts sufficient to constitute a cause of action for deceit against the defendants in relation to the alleged item of damages arising from the plaintiff's purchase of stock in the Trust Company of the Republic. The fraudulent practices complained of, or alleged, were directed to the general public for the purpose of inducing underwriting of the securities of the so-called "Shipbuilding Trust." The plaintiff does not claim that he underwrote or subscribed to any of such securities relying upon the truth of the representations made by the defendants. He says he bought the stock in the Trust Company of the Republic because that company had been engaged by the defendants as a bank of deposit for the "Shipbuilding Trust," and as its medium for the issue of its bonds and the registrar of its stock, and as an agent to solicit subscriptions for underwritings under terms which would net it a profit of about $1,500,000 if the defendants should succeed in their scheme of exploiting the securities. This expected profit to the trust company would necessarily increase the value of its own stock; and, relying upon these anticipated profits, the plaintiff bought, not the securities which the defendants were endeavoring to sell, and as to which the alleged fraudulent representations were made, but securities in which the defendants had no apparent interest and as to which they made no representations whatever. The trust company might have failed to reap these anticipated profits, even though the representations of the defendants were true in fact, as the scheme of exploitation could have failed through the indifference of the public in regard to the proposed investment. Likewise the trust company might have reaped the anticipated profit, even though the defendants' representations were fraudulent, if a sufficiently large portion of the public had been gulled into buying the securities and thus enabling the trust company to earn its commission from the defendants. It seems clear to me that, within the rules which govern the common-law action of deceit, there is no direct or necessary connection between the alleged fraud of the defendants and the plaintiff's purchase of stock in his own trust company, which was influenced concededly by his estimate of the profits which would accrue to it if the general public should purchase the securities exploited by the defendants. Therefore, no cause of action is set forth on this point. (*Jex* v. *Straus*, 122 N. Y. 293; *Brackett* v. *Griswold*, 112 id. 454; *Barber* v. *Morgan*, 51 Barb. 116.) The authorities cited by the plaintiff on this proposition seem to me easily distinguishable. As to the next item of damage set forth in the "First cause of action," a different question arises. I refer to the $990,000 item predicted on the alleged failure of the defendants to pay certain notes negotiated by the plaintiff. The defendants contend that, in relation to this item, the plaintiff attempts to state a cause of action on contract and fails to set forth facts showing a breach of contract by non-payment. The plaintiff alleges that he sues not in contract, but in tort and has pleaded sufficiently. If a contract is permeated with tort no doubt the plaintiff may elect to recover in tort and waive the contract. Whether he sues in tort or in contract does not seem to be important at present; for, it seems to me, that if, as defendants contend, he is suing actually on contract, he has pleaded sufficiently a breach by non-payment on the part of the defendants.

The plaintiff alleges that the defendants agreed to pay the notes in question "at maturity." He alleges further that they failed to pay the notes at maturity. This is a clear allegation of a breach. There is nothing in the *Lent* case to the contrary (*Lent* v. *N. Y. & M. R. Co.*, 130 N. Y. 504). In that case there was no allegation whatever of a failure to pay, and hence no allegation of a breach. Here there is a distinct allegation of a failure to pay the notes when they became due, and, therefore, of a breach of the alleged contract. The failure to pay at maturity raises a presumption of continuous non-payment which is incumbent upon the defendants to meet by affirmative allegations and proof. In *Conkling* v. *Weatherwax* (181 N. Y. 258) there is an instructive discussion of this question, although the question which arises here was not up for decision there. In that case the action was *not* on a contract for the payment of moneys but to recover an unpaid legacy. Some differences arose in the court as to the true doctrine to be applied as to the burden of proof as to payment or non-payment. It was held by the majority of the court that in an action to recover on a contract to pay money the burden of proof was on the defendant to prove payment (Cullen, O'Brien, Haight and Gray). Vann, J., who held where the action was *not* on a contract to pay money, but where payment was an issue, the burden to show non-payment was on the plaintiff — admits that in an action on a contract for the payment of money it is sufficient for the plaintiff to allege and prove a breach at maturity "as the presumption of non-payment continues until met by the allegation and proof of payment." (Opinion, p. 268, *ut supra*.) I am of opinion, therefore, that the complaint states a good cause of action in the "first cause of action" as to the $990,000 item whether it sounds in tort or on contract. As to the second and third causes of action, I think they do not state sufficient facts to constitute good causes of action. Properly speaking, they are not on separate causes of action, but simply separate items of damage in some way sought to be connected with the matters set forth in the "first cause of action." The plaintiff simply alleges he was "forced to lose" certain property, but the facts which brought about this loss, or the manner of losing, are not alleged. The statements are naked conclusions. It may be imagined from the complaint that he was "forced to lose" these properties through going into bankruptcy, but there is no allegation that this was the fact or that his bankruptcy was caused by any acts of the defendants, and if by any such acts, whether it resulted from his loss in the trust company stock venture or from the note incident, or from both. Every reasonable intendment should be had in favor of the pleader, but no resort can be had to mere guesswork in order to know what are the issues in an action. The demurrers to the first cause of action should be overruled, and the demurrers to the second and third causes of action should be sustained, with leave to plaintiff to serve an amended complaint.

The following is the opinion in the preceding case upon a reargument:

*Pleading — complaint — test on demurrer for insufficiency — theory of pleader immaterial.*

CARR, J.: The well-settled rule of testing a complaint on demurrer for insufficiency requires the complaint to be upheld if it states facts sufficient to constitute a good cause of action of any kind whatsoever (*Abbey* v. *Wheeler*, 170

N. Y. 122, 127). I have held that the first cause of action is good as sounding in contract. The plaintiff believes that it is good as showing a cause of action in deceit. The defendants claim that it does not show a good cause of action in deceit and the demurrer should be sustained because the plaintiff admits orally that he intended to plead in tort. It makes no difference whatever on a demurrer what may have been the plaintiff's theory in framing his pleading if the actual pleading sets up a good cause of action whether in tort or *ex contractu*. On the trial, he may be compelled to elect between the possible theories. If he elects to stand on his theory of fraud and makes out simply a cause of action on contract, he will lose his case. It is not for the court, on demurrer for insufficiency, to concern itself with any question beyond the one involved, namely, does the complaint state facts sufficient to constitute a good cause of action of any character. No cases to the contrary are cited, and I have never heard the rule questioned before. I see no reason for making any change in my former disposition of the case.