ALFRED H. IVES, Respondent, v. WALTER MALE, as Administrator of the Goods, Chattels and Credits of EPHRAIM P. SMITH, Deceased, Appellant.

(County Court, Otsego County, January, 1912.)

Pleading — Matters relating to pleadings generally — Complaint — Defenses in general — Denials.

> Where the complaint, in an action against an administrator to recover the specific amount of one-half of the purchase price of a cow, which amount it is alleged defendant's intestate, on taking back the animal, agreed to pay within a month thereafter, contains no allegation of non-payment, the plaintiff is not bound to prove non-payment to make out his case.

> In such case, the burden is upon defendant to allege and prove payment.

Testimony of plaintiff that he had never been paid any part of the indebtedness sued for was immaterial and its admission does not call for the reversal of a judgment in plaintiff's favor.

A general denial in the answer in each and every other allegation of the complaint following an admission of the due presentation of plaintiff's claim and its rejection was insufficient to shift from defendant the burden of proof as to payment of plaintiff's claim.

APPEAL from a judgment of a justice of the peace rendered in favor of the plaintiff in an action for money had and received.

Charles H. Seeley, for appellant.

Jerome S. Secord, for respondent.

KELLOGG, A. L., J.    This is an appeal from a judgment rendered against the defendant in favor of the plaintiff by Frank M. Tyson, Esq., as justice of the peace of the town of Unadilla, in this county, on the verdict of a jury, for ten dollars damages and ten dollars and fifty cents costs.

The action was brought to recover the sum of twenty-five dollars and interest from June 22, 1909, for moneys alleged to have been had and received by the said Ephraim P. Smith, now deceased, from the plaintiff; and it is claimed that Smith promised and agreed to pay the said sum of money on or before July 1, 1909, and that no part of the same has been paid.

It is contended by the plaintiff that he purchased a cow from Smith and paid him fifty dollars therefor, and that he took the cow home, kept her for several days, and then returned her to the decedent's barn; that he went to a lot where decedent, Smith, was working, and told him that he had returned the cow, and asked for the return of the money paid for her; that Smith paid, then and there, to him the sum of twenty-five dollars, and agreed to pay the balance at the time above mentioned.

The defendant's answer admits that the plaintiff presented a claim for twenty-five dollars to the administrator of the

decedent, which was rejected, and denies each and every other allegation in the complaint. On the trial the defendant was permitted to amend the answer for the purpose of alleging that the cow in question, when returned, had been injured and damaged by the plaintiff, and that she was not worth at that time to exceed one-half of the purchase price.

The plaintiff was permitted on the trial to answer this question: " Q. Has any part of that indebtedness ever been paid? A. No part of the twenty-five dollars has ever been paid." This was received under objection of the defendant, that it was improper and incompetent, under section 829 of the Code of Civil Procedure, as calling for a transaction and communication with the deceased.

It is contended, in behalf of the appellant, that it was error which calls for the reversal of the judgment that the plaintiff was permitted to testify in his own behalf, as against the administrator of the decedent, that no part of the twenty-five dollars had ever been paid, and cites numerous authorities in support of that proposition.

The appellant also claims that all of the material allegations of the complaint and the alleged cause of action therein set forth are denied, and that there is no evidence of the claim except the verbal evidence of the witnesses; that it was incumbent upon the plaintiff to prove, not only that the defendant's testator had promised to make the payment of the twenty-five dollars sued for, but also that he had never paid the same; and that there was no way plaintiff could make any proof except by his own testimony, and that he was barred by section 829 of the Code from testifying to that fact. Also that, where there is a general denial of the allegations of the complaint, every material averment therein must be proved, and that this especially is the rule which must be followed in all actions for moneys had and received.

After a careful examination of the case on appeal and the briefs of counsel, I have reached the conclusion that this judgment should be affirmed. Assuming that the action here was one to recover for moneys had and received, I do not think it was necessary for the plaintiff to prove non-payment, but that the burden was upon the defendant to allege and

prove payment. Conklin v. Weatherwax, 18 N. Y. 258; Garfield v. Blain, 32 N. Y. St. Repr. 460; 10 N. Y. Supp. 340; Losboro v. Peck, 48 Barb. 92; Kingston Nat. Bank v. Van Buren, 88 Hun, 564; Rice v. Kabak, 72 Misc. Rep. 16.

The judgment should not be reversed because the plaintiff was permitted to answer in response to a question ·" that he had never been paid any part of this indebtedness," for the reason that it was not necessary for. the plaintiff to prove that the sum he claimed to be due had not been paid, as this evidence was immaterial. Lerche .v. Brasher, 104 N. Y. 157; Dresser v. Mercantile Trust Co., 124 App. Div. 893; Lynch v. Lyons, 131 id. 120.

The general denial contained in the answer was not sufficient in itself to shift from the defendant the necessity of showing payment, by reason of the form of and allegations of the complaint. Acharan v. Samuel Bros., 144 App. Div. 182.

It is the general rule of law of this State, as well as other States, that, in an action on contract for the payment of money, particularly where the original amount and agreed sum is set forth and claimed to be due, without any allegations as to payments thereon, payment is a defense, and defendant has the burden of proof thereof, and the plaintiff is not bound to prove non-payment to make out a cause of action. Dresser v. Mercantile Trust Co., 124 App. Div. 893; Lynch v. Lyons, 131 id. 120; Dose v. Hirsch Brothers, 65 Misc. Rep. 515; Hicks-Alexanian v. Walton, 14 App. Div. 198.

The question as to the injuries to the cow while in possession of the plaintiff, and his promise to pay some part of the expense of calling a veterinary, as well as all of the questions arising out of the counterclaim set forth in the amended answer, were duly submitted to the jury; and the jury having passed on all of those issues and found for the plaintiff, even though for less sum than be claimed, I am not able to find error of sufficient importance to reverse the judgment entered on their verdict. The defendant in this case offered, and was permitted to produce by the witness Waters, evidence which was practically to the same effect as the testimony of the plaintiff to which objection was made.

It is the general rule that, on appeals from justice's court, the judgment will not be reversed except for absolute error and miscarriage of justice. All presumptions and questions in doubt are to be taken in favor of the respondent.

For the reasons stated, this judgment should be affirmed, with costs.

Judgment affirmed, with costs.