■ JACKAL HOLDINGS, LLC, Appellant, v JSS HOLDING CORP. et al., Respondents. [803 NYS2d 917]—

In an action, inter alia, to recover on a promissory note, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated February 18, 2005, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the counterclaim for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court's role on this motion pursuant to CPLR 3211 (a) (7) was to determine whether the counterclaim stated a cause of action. "The motion must be denied if from the pleadings' four corners 'factual allegations are discerned which taken together manifest any cause of action cognizable at law' . . . In furtherance of this task, we liberally construe the [counterclaim] . . ., and accept as true the facts alleged [therein] and any submissions in opposition to the dismissal motion. . . . We also accord [the nonmoving party] the benefit of every possible favorable inference" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002] [citations omitted]; *see Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001]). Applying these principles, the Supreme Court properly denied the motion (*see* CPLR 3019 [a]; *Dresser v Mercantile Trust Co.*, 124 App Div 891, 893-894 [1908]; *cf. ICC Bridgeport Ltd. Partnership v Primrose Dev. Corp.*, 221 AD2d 417 [1995]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.