■ BILLY MORGAN, Appellant, v CITY OF NEW YORK et al., Respondents. [822 NYS2d 567]—

In an action to recover damages for negligence and malpractice in the exercise of medical judgment under Mental Hygiene

Law §§ 9.37 and 9.39, assault and battery, false imprisonment, intentional infliction of emotional distress, and violation of civil rights pursuant to 42 USC §§ 1981 and 1983, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated December 17, 2004, as granted those branches of the motion of the defendant New York City Health and Hospitals Corporation pursuant to CPLR 3211 (a) (7) which were to dismiss the causes of action alleging negligence, medical malpractice, and a violation of civil rights pursuant to 42 USC § 1983.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, those branches of the motion which were to dismiss the causes of action alleging negligence, medical malpractice, and a violation of civil rights pursuant to 42 USC § 1983 are denied, and those causes of action are reinstated.

The plaintiff alleges that his decedent was unlawfully confined, purportedly pursuant to Mental Hygiene Law §§ 9.37 and 9.39, for six days, against her will, at Kings County Medical Center, a facility operated by the defendant New York City Health and Hospitals Corporation (hereinafter HHC). The complaint asserts five causes of action against the defendant City of New York and HHC: negligence and malpractice in the exercise of medical judgment under Mental Hygiene Law §§ 9.37 and 9.39, assault and battery, false imprisonment, intentional infliction of emotional distress, and violation of civil and constitutional rights. In response to the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), the plaintiff consented to the dismissal of so much of the civil rights cause of action as alleged a violation of 42 USC § 1981, insofar as asserted against HHC, as well as to the dismissal of the entire complaint insofar as asserted against the City. As to the remaining causes of action asserted against HHC, the Supreme Court, insofar as is relevant here, granted those branches of the motion which were to dismiss the cause of action alleging negligence and medical malpractice, as well as the cause of action alleging violations of the plaintiff's civil rights pursuant to 42 USC § 1983. It denied those branches of the motion which were to dismiss the causes of action alleging false imprisonment and assault and battery.

On appeal, the plaintiff argues, essentially, that having denied the motion to dismiss the plaintiff's third cause of action, sounding in false imprisonment, the Supreme Court erred in dismissing the plaintiff's first cause of action, alleging negligence and medical malpractice, and that, in any event, the allegations set

forth in the complaint, when assumed to be true, state a cause of action. Accepting as true the facts alleged in the complaint, as well as those asserted in the plaintiff's submissions in opposition to NYCHHC's motion to dismiss pursuant to CPLR 3211 (a) (7), and according the plaintiff the benefit of every possible favorable inference, as we must on such a motion (see *511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 151-152 [2002]; *Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]; *Wieder v Skala,* 80 NY2d 628, 631 [1992]; *Jackal Holdings, LLC v JSS Holding Corp.,* 23 AD3d 435 [2005]), we conclude that the plaintiff is correct.

The plaintiff's false imprisonment cause of action is necessarily premised upon an allegation that the confinement complained of was not privileged (see *Broughton v State of New York,* 37 NY2d 451, 456-457 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]; *Ferretti v Town of Greenburgh,* 191 AD2d 608 [1993]). The privilege at issue here is that established by Mental Hygiene Law § 9.39 (a), which provides that the "director of any hospital maintaining adequate staff and facilities for the observation, examination, care, and treatment of persons alleged to be mentally ill . . . may receive and retain therein as a patient for a period of fifteen days any person alleged to have a mental illness for which immediate observation, care, and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or others." Because a determination pursuant to Mental Hygiene Law article 9 requires a medical judgment by a treating physician, the determination to retain a patient is privileged only in the absence of negligence, or malpractice, in the exercise of that medical judgment (see *Tewksbury v State of New York,* 273 AD2d 376 [2000]; *Matter of E.K. v State of New York,* 235 AD2d 540 [1997]; *Ferretti v Town of Greenburgh, supra* at 608).

Although the first cause of action is less than clear in articulating a cause of action premised upon negligence or medical malpractice by NYCHHC, it does include allegations that HHC deviated from the appropriate standard of care in exercising medical judgment under Mental Hygiene Law §§ 9.37 and 9.39 (see *Ruhlmann v Smith,* 323 F Supp 2d 356, 360-361 [2004]). Those allegations are sufficient to state a cause of action for negligence and medical malpractice.

The Supreme Court also erred in dismissing so much of the plaintiff's civil rights cause of action as alleged a deprivation of the Fourth Amendment rights of the plaintiff's decedent. The complaint states a cause of action for violation of the decedent's Fourth Amendment rights pursuant to 42 USC § 1983, alleging

both an unreasonable seizure and confinement of the person in the absence of probable cause (*see Bryant v City of New York,* 404 F3d 128, 138 [2005]; *Kent v Katz,* 312 F3d 568, 573 [2002]), and the use of excessive force in effecting the seizure (*see Graham v Connor,* 490 US 386, 395 [1989]; *Campagna v Arleo,* 25 AD3d 528, 529 [2006]; *Vizzari v Hernandez,* 1 AD3d 431, 432 [2003]). The Supreme Court thus incorrectly dismissed that claim.

In addition, since an involuntary confinement to a mental health care facility constitutes a "massive curtailment of liberty" (*Vitek v Jones,* 445 US 480, 491 [1980]), considerations of due process require that HHC comport its conduct with the procedures outlined in the Mental Hygiene Law, and take steps properly to apply the criteria articulated therein. The plaintiff alleged that HHC violated these strictures, and failed to take the necessary steps to properly apply the statutory criteria. The Supreme Court erred, therefore, in dismissing the plaintiff's cause of action pursuant to 42 USC § 1983 alleging that HHC deprived his decedent of liberty in the absence of procedural due process, in violation of the Fourteenth Amendment (*see Rodriguez v City of New York,* 72 F3d 1051, 1061-1062 [1995]; *see also Olivier v Robert L. Yeager Mental Health Ctr.,* 398 F3d 183, 188-189 [2005]; *cf. Baker v McCollan,* 443 US 137, 144 [1979]; *Anthony v City of New York,* 339 F3d 129, 142 [2003]), and these portions of the civil rights cause of action must be reinstated and permitted to proceed to trial.

Contrary to the plaintiff's contentions, however, the Supreme Court properly dismissed that portion of his civil rights cause of action which seeks recovery for HHC's alleged violation of his decedent's First Amendment rights, as that constitutional provision is not implicated here (*see Hoffman v County of Delaware,* 41 F Supp 2d 195, 206-207 [1999], *affd* 205 F3d 1323 [2000]). In addition, HHC may not be held liable for violating the decedent's Fifth Amendment rights, inasmuch as those rights are essentially duplicative of the decedent's Fourteenth Amendment rights to procedural due process (*see Dawkins v Williams,* 413 F Supp 2d 161, 176 n 11 [2006]).

The Supreme Court also properly dismissed so much of the plaintiff's civil rights cause of action as alleged that HHC deprived his decedent of substantive due process pursuant to the Fourteenth Amendment. HHC's actions were not so shocking to the conscience as to give rise to a deprivation of that civil right (*see County of Sacramento v Lewis,* 523 US 833, 849 [1998]; *Collins v Harker Heights,* 503 US 115, 128 [1992]; *Bryant v City of New York, supra* at 135; *Catanzaro v Weiden,* 188

F3d 56, 64 [1999]). Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.