WILLIAM E. WHITE and WILLIAM R. WHITE, Respondents,
v. JANE SMITH, Appellant.

In an action brought upon an account for work, labor and materials, the
complaint alleged the amount of the account to be $541.90, and that
there was a balance due, *after deducting all payments*, of $175.75,—*Held*,
that the complaint admitted a payment of $366.15, and that defendant
was not precluded from insisting upon this admission, by disputing the
correctness of the items of the account.

A court or referee is presumed to have knowledge of the contents of the
pleadings in a cause, and it is not necessary for a party to read them in
evidence, in order to avail himself of admissions therein.

After a trial was commenced before a referee, and a portion of the evidence
taken, an adjournment was granted upon plaintiff's motion, in order to
enable him to apply to the court for leave to serve a reply to defendant's
counter-claim; permission was obtained and reply served. Upon the
adjourned day the plaintiff insisted that the trial should be commenced
*de novo ;* this the referee refused to do,—*Held*, no error.

(Argued September 13, 1871; decided November 10, 1871.)

APPEAL by defendant from an order of the General
Term of the sixth judicial district, reversing a judgment
entered in Schuyler county, upon the report of a referee.
(Reported below in 1 Lansing, 269.)

The complaint alleged that plaintiffs performed work and
labor, as carpenters and joiners, for defendant, and furnished
materials, to the amount of $541.90; that there was a balance
due them, "after deducting all payments made by defendant
to the plaintiffs thereon, of $175.75."

The answer was a general denial, and also a counter-claim
for damages arising from the unskillful and unworkmanlike
manner in which the work was done.

The referee found that plaintiffs did work and furnished
materials for defendant to the amount of $501.26; that defend-
ant paid thereon $366.15, leaving unpaid a balance of $135.11.
There was no proof of any payment, but he decided that it
was admitted by the complaint.

The referee allowed defendant as damages under the coun-
ter-claim, the sum of $231.50, and found a balance due the

defendant of $96.39 ; for which sum he ordered judgment in her favor, with costs.

The trial was commenced upon the 18th April, 1867. No reply had been served to defendant's counter-claim. After a number of witnesses had been sworn and examined, plaintiffs asked for an adjournment, to enable them to apply to the court for leave to serve a reply. The motion was granted, on terms. Upon the adjourned day, plaintiffs' counsel proposed to open the cause and begin the trial anew. The referee decided the trial must continue where it left off, but that plaintiffs might examine any witnesses previously examined, on any new matter, or upon any matter omitted by inadvertance. Plaintiffs excepted.

*L. Tremain*, for appellant. Conceding the construction of the pleadings by the General Term to be correct, judgment should only have been reversed in case defendant refused to deduct $40.64, and such order should be made here. (29 N. Y., 400 ; 26 How., 528 ; 55 Barb., 389 ; 39 Barb., 298.)

*J. J. Van Allen*, for respondents. The finding of payment of $366.15 was error. (*McKynney* v. *Bull*, 16 N. Y., 297, 302, 319 ; Code, § 149.) The referee erred in obliging plaintiffs to resume the trial, after adjournment, where it left off. (*Huntington* v. *Conky*, 33 Barb., 218 ; *Ayrault* v. *Chamberlain*, id., 229 ; *Hecker* v. *Hopkins*, 16 Abb., 301 ; *Littlejohn* v. *Greely*, 13 Abb., 41 ; *Hallister* v. *Bender*, 1 Hill, 150 ; *Leete* v. *Greshaw Ins. Co.*, 7 Eng. Law Eq. R., 578 ; *Dorlon* v. *Lewis*, 9 How. Pr. R., 1 ; *Yale* v. *Gwinits*, How., 353 ; Graham's Prac., 316, 628.)

PECKHAM, J. The plaintiffs' counsel insists, that the referee erred in finding a payment of $366.15 to the plaintiffs. The Supreme Court so held, and upon that ground set aside the judgment. No point of this kind seems to have been presented at the trial, either in the receipt or exclusion of evidence, or by any decision upon any question raised as to the pleadings.

But as there was no proof given of any payment, and payment is found, and perhaps sufficiently excepted to, the pleadings must contain an admission thereof, in substance or the order must be affirmed. I think they do in substance.

The complaint was for work and materials, and sets forth the items specifically, both of labor and materials, amounting to $541.90. It then claims a balance due therefor, "after deducting all payments made by defendant to plaintiffs thereon of $175.75."

The answer is a general denial, and sets up a counter-claim, etc.

It cannot be denied, that this complaint admits in substance that $366.15 had been paid upon the items in the complaint. It alleged that the items were all just, and that thereafter deducting all payments, there was yet that balance due. It is clear that both parties acted upon the view, that the complaint conceded a payment, and I think with good ground.

The Supreme Court says that the defendant "should have conceded on the trial that the plaintiffs' entire claim was $541.90, as stated in the complaint, to enable him to insist that the complaint showed he had paid the plaintiffs $366.75."

It is clear that the items must all be taken as true to ascertain the amount of the payment, but as a payment, it cannot be claimed to have been any less than that sum, upon those items. Whether the items were all legitimate, were all the subject of recovery, was another question.

The referee, upon the evidence, found the said items that were recoverable, amounted to $501.26, instead of $541.90. Upon the theory of that court, the difference, or $40.64, was the precise error of the referee. I think he committed no error in that.

It is also alleged, that no portion of the complaint was read as evidence before the referee. It was not necessary to read the pleadings. They are presumed to have been before the referee, and that he had knowledge of their contents.

It is insisted, that the referee erred in allowing to defend-

ant, as counter-claim, the cost of the iron roof, etc., made necessary by plaintiffs' defective work. There does not seem to be any exception to that allowance, none to that mode or rule of finding the measure of damage in that item. The referee probably found, and intended thereby to find, that that was the cheapest mode of remedying the defect.

The decision of the referee was right in refusing to commence the trial *de novo.* If the plaintiffs' have suffered injustice, as they claim by the decision of the referee, upon the facts, this court can afford them no remedy.

Order appealed from reversed, and judgment affirmed upon the report of the referee with costs.

All concur; Ch. J. not voting.

Judgment accordingly.