· HEARD NOVEMBER TERM, 1878.

## McElwee *vs.* Hutchinson.

Though, as a general rule, where plaintiff sues upon a note, the defendant cannot give payment in evidence without pleading the same, yet where complaint alleges certain credits, and that there is a specified balance due for which judgment is claimed, defendant can give other payments in evidence under a general denial of the allegations of the complaint.

Part payment of the amount due on a sealed note made in compromise of an action on the note *held* to be supported by sufficient consideration and to have discharged the balance due.

BEFORE ALDRICH, J., AT YORK, SEPTEMBER TERM, 1878.

Action by J. N. McElwee against A. E. Hutchinson.

The action was commenced in January, 1878, and the allegations of the complaint were as follows:

"1. That on the 4th of March, 1861, John L. Miller, L. H. Massey and the defendant made their joint and several sealed note to plaintiff in the sum of five hundred dollars, payable twelve months after date, and bearing interest from date.

"2. That said sealed note is entitled to the following credits, to wit: On the 1st of February, 1869, the sum of three hundred and seventy-seven 80-100 dollars paid by the defendant, A. E. Hutchison; on the 12th of November, 1871, the sum of forty-one 23-100 dollars; on the 9th of February, 1876, the sum of six 65-100 dollars; and on the 10th of April, 1877, the sum of forty-one 93-100 dollars—the last three payments having been made by the assignee of the bankrupt estate of the said L. H. Massey.

"3. That there is still due and owing to plaintiff by defendant the sum of four hundred and fifteen 90-100 dollars, with interest from 1st of February, 1869, less the aggregate of all the credits except the first set out in paragraph 2, to wit, eighty-nine 81-100 dollars, to be taken from the debt on the day of the rendition of judgment.

"Wherefore plaintiff demands judgment against the defendant for said sum of four hundred and fifteen 90-100 dollars, with interest thereon from the 1st of February, 1869, less the credit of eighty-nine 81-100 dollars, as aforesaid, and for costs."

The answer contained nothing more than a general denial of each and every allegation of the complaint.

The plaintiff gave evidence tending to show the existence and contents of the note, and the credits thereon, as alleged in the complaint; that in 1866 the note was given to an attorney for collection, and that it was lost or mislaid.

The defendant gave evidence tending to show that Mr. Bell, the attorney of plaintiff, in whose hands the note sued on was placed for collection in 1866, had compromised the suit with the defendant in 1869 by taking from him one-half the amount then due, and a receipt by the attorney to the defendant, dated February 1st, 1869, was produced, which stated that he (the attorney) had received from the defendant $398.37, by way of compromise, at fifty per cent. on the dollar, in full of debt, interest and costs. The plaintiff and the attorney who made the compromise both testified that the compromise was made without the authority of plaintiff; that he had declined to ratify it, and had refused to receive the fifty per cent. paid as in full.

His Honor charged the jury that while an attorney could not compromise a claim without his client's authority, they might consider the question whether, by so long a delay before bringing the action, McElwee had not ratified his attorney's acts, if, in fact, he had given no authority in the first instance.

Before the jury retired, and at the request of plaintiff's counsel, His Honor also charged that the payment of the fifty per cent. to Mr. Bell on the note in suit, the defendant having been solvent, (though the receipt expressed that it was to be in full,) is not a satisfaction or discharge of the balance, unless there is a release under seal.

The jury found for the defendant, and the plaintiff appealed on the following grounds:

1. Because, it is respectfully submitted, His Honor erred in holding that testimony going to prove a compromise was admissible under defendant's answer denying each allegation of the complaint simply.

2. Because the verdict was contrary to the evidence adduced at the trial.

3. Because the verdict was against the weight of the evidence.

4. Because the verdict was contrary to the law of the case as charged by His Honor at plaintiff's request.

*Witherspoon & Spencer*, for appellant.

*Hart & Hart, Witherspoon*, contra.

January 18, 1879. The opinion of the Court was delivered by

McIver, A. J. There can be no doubt but that, as a general rule, the defense of payment to an action on a note cannot be given in evidence under a general denial. This rule, however, only applies where the complaint is in the usual form, stating only such facts as are necessary to constitute a cause of action. If, however, other facts are stated, a denial of which raises an issue as to whether there has been a partial or total payment, then the defense of payment may be given in evidence under a general denial. As is said in Pomeroy on Remedies, (§ 691, p. 717,) after explaining the nature of "new matter" relied upon as a defense: "It cannot, then, be said, for example, that payment is always new matter, for the plaintiff may so construct his complaint that facts showing payment will be directly contradictory of a material averment embraced within it, and, therefore, plainly admissible under the general denial."

And again, in Section 692: "A particular defense may, therefore, when set up in answer to *one* complaint, be new matter and require to be pleaded; the same kind of defense, when set up in answer to *another* complaint, may not be new matter, but may be proved under the general denial without being specially pleaded. Undoubtedly the defense of payment, in its various phases, is the one which most frequently assumes this double aspect." The writer proceeds, amongst other authorities, to cite two cases, *Quinn* vs. *Floyed*, 41 N. Y., 349, and *White* vs. *Smith*, 46 N. Y., 418. In the former the action was to recover for work and labor. The complaint stated the agreement, the performance of services at a stipulated price, and that on a certain day named the defendant was indebted to the plaintiff in the sum of three hundred and thirty-three dollars, being the balance remaining due after sundry payments made by the defendant to the plaintiff. The answer was a general denial, under which the Court held that defendant could offer proof of payment. In this case Lott, J., said "the denial involved an issue upon all the facts above stated and denied, not only of the agreement and of the time which the plaintiff worked, but necessarily of the different payments made, so as to determine what in fact was the balance of the defendant's debt. The balance could not be ascertained without an inquiry as to the amount of the payments as well as the value of the work performed;" and Woodruff, J., said: "It was

not necessary for the plaintiff to sue for a balance as such. He might allege the contract performance on his part and claim payment; and then if the defendant desired to prove payments he must allege payment in his answer. But where the plaintiff sues for a balance he voluntarily invites examination into the amount of the indebtedness and the extent of the reduction thereof by payments."

In *White* vs. *Smith* the action was for work and labor, in which the complaint alleged the services to a specified amount in value, and that there was a balance due the plaintiff, after deducting all payments made by defendant to plaintiff thereon, of $175. The general denial, it was held, entitled the defendant to prove all the payments which he had made. In the case now under consideration, the complaint, in the first paragraph, alleges the making of the note with its date and amount. In the second paragraph sundry payments are stated, and in the third paragraph the allegation is that there is a certain specified sum still due and owing, with interest from a certain date, (which is the balance due on the note after deducting the first payment stated in the preceding paragraph,) less the aggregate of the other payments stated, and demands judgment for such balance. This, we think, amounts to an allegation that nothing had been paid upon the note except as stated in the complaint, and that it was not subject to any other or larger credits, and, therefore, upon the principles above stated, the receipt, which was objected to as incompetent evidence, was admissible under the general denial, especially when it appears, as it does in this case, that the receipt was for a larger amount than that stated in the complaint. It may be very true that this excess might be accounted for by the costs in the case in which it was taken, but that would not affect the question of its admissibility as evidence, for it would be necessary to show the whole amount paid in order to show from what amount the costs were to be deducted, and in this view the receipt was clearly admissible in evidence. In addition to this it would seem from the "case" submitted to us that the receipt in question was actually put in evidence by the appellant's counsel, though, doubtless, from what was stated in the argument here, such was not his intention.

We do not think, therefore, that the motion here can be sustained on the ground that the Circuit Judge erred in receiving testimony tending to show that the payment made on the 1st of February,

1869, was intended to be in full discharge of the balance due on the note. There was no exception to that portion of the charge in which the jury were instructed " that while an attorney could not compromise a claim without his client's authority, they might consider the question whether by so long a delay before bringing the action McElwee had not ratified his attorney's acts, if, in fact, he had given no authority in the first instance," and therefore we are not called upon to consider it. If, as was contended here, this portion of the charge was nullified by the principle of law charged at the plaintiff's request, he certainly has no ground of complaint. While payment in part of an ascertained debt cannot be regarded as satisfaction of the whole, even where the parties so agree, unless there is some additional consideration for such agreement, or unless the balance is released under seal, yet, where *a pending suit* is compromised by payment of a part of the amount appearing to be due, such an agreement may rest upon the withdrawal of the defense as a sufficient consideration. As to the other grounds relied upon by the appellant, they are disposed of by the case of *Brickman* vs. *South Carolina Railroad Company*, 8. S. C., 173.

The judgment of the Circuit Court is affirmed.

*Willard*, C. J., and *Haskell*, A. J., concurred.