## KUUKU vs. J. H. KAWAINUI.

### ON APPEAL.

A DEED WAS EXECUTED conveying land to the plaintiff's moopuna (grandson) in consideration of the grantor's affection for him and the sum of $5 ;

HELD, that the grantor was bound by the recital. By the deed the title was to vest in defendant on plaintiff's death, he reserving a life interest in the land.

HELD, that such a deed is valid and takes effect according to its terms.

Opinion of the Court by AUSTIN, J.

The question in this case arises on an appeal from the decision of the Chancellor against the plaintiff, refusing to declare

an instrument in form of a deed conveying forty-two acres of land in North Kohala, Hawaii, from the plaintiff to the defendant dated on or about November 20, 1880, and duly acknowledged, delivered and recorded to be a will, and therefore revocable.

The consideration expressed in the paper is the grantor's great affection for his grandson, the defendant, and the sum of $5 the receipt of which is acknowledged.

The plaintiff's counsel in this argument before us says, "that there is no evidence that the defendant is related to the plaintiff by blood or marriage." This was a mistake. The plaintiff made profert of the deed which contains a recital that the defendant is the grandson of the plaintiff.

The general rule is that a recital in a deed estops the party executing it.

In many cases it is held that where there is a recital of a fact in a deed, the truth of which the party executing must be presumed to have known it shall be deemed a covenant of the existence of the recital fact. See Cow. and Hill's notes to Phillips, Ev., p. 1237.

Especially is this so where the action, as in this case, is founded upon the instrument. See Reed *vs.* McCourt, N. Y. R., p. 435–8. Dennison *vs.* Ely, 1 Barb., 610–21. Carver *vs.* Jackson, 4 Peters R., 87.

For the purpose (if it were necessary) of rendering valid, as a deed, the instrument in question, we have no doubt that the plaintiff is conclusively estopped by this recital.

Further, the plaintiff in his complaint avers that being seized of certain lands, and being thereto requested by his grandson said J. H. Kawainui, defendant, he consented and resolved to execute a will devising said lands to said defendant. And the plaintiff swears positively to the truth of the bill of complaint containing this averment. The complaint was part of the evidence before the Chancellor. This allegation is absolutely conclusive as an admission against the

plaintiff in this action. See White *vs.* Smith, 46 N. Y., 418.

By the instrument the title of the defendant is limited to take effect on the death of the plaintiff who reserves to himself a life estate in the land.

At common law such a conveyance would have been void, but under what is called the statute of uses enacted in the 27th year of the reign of Henry VIII., such a deed is valid as a covenant to stand seized to the use of the grantee. The statute has been substantially adopted in nearly all of the United States. See Hilliard on Real Property, Vol. 1, p. 294.

The old unreasonable rule which in many cases forbids an instrument to be enforced according to its real intent and meaning, has been attacked and overthrown by later laws and decisions; and now neither in England nor in America, we feel quite sure, would this instrument be declared upon its face to be invalid as conveying a future estate. See Hilliard on Real Property, Vol. 1, p. 294 to 299.

By the Revised Statutes of New York uses are abolished, and it is expressly enacted that a future estate may be granted by any instrument containing apt words to do so. See Vol. 1, p. 671–73, Sections 10 and 24.

The statute of Henry VIII has not been adopted in this country. The law on the subject of conveyances is very brief and meagre. We have, however, not adopted the English common law, and no technical rules or provisions exist whereby we are forbidden to construe instruments according to their real and plain meaning. Subdivision 4 of Section 1,053 of the Civil Code provides that no action shall be brought upon any contract for the title of lands, tenements or hereditaments or of any interest in or concerning them unless the same or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith.

This is the only statute. Its language includes the conveyance made in this case.

Kuuku *v.* J. H. Kawainui.

The conveyance is upon sufficient consideration; and we shall hold it to be valid, according to its terms and enforcement under our laws, without reference to the statute of uses.

We have examined many authorities under the statute of uses and kindred statutes, and we find that nearly all the technical obstructions to carrying into effect the real intention of the grantor in a deed have been avoided and held untenable in the later cases.

In the Bank of the United States *vs.* Housman, 6th page, Chancellor Walworth says at p. 536 : "Where the intent of the grantor to pass the land is apparent, if for any reason the deed or instrument, by which the transfer of title was intended to be effected, cannot operate in the way contemplated by the parties, the Court, if possible, will give it effect in some other way. And judges have been very astute in such cases in their endeavors to make the conveyance operative, one way or the other, to carry into effect the intention of the grantor or donor." See p. 537. See also Rogers *vs.* The Eagle Fire Insurance Company of New York, 9 Wend., 611, 627 to 631, where it is declared that, in case of a deed of bargain and sale, "if any pecuniary consideration whatever is expressed in the deed, it is not necessary to prove actual payment neither will the bargainor, or his heirs or devisees, be permitted to show that nothing was in fact paid."

The proof in the case, we think was conclusive that the deed was made as it was not intended to be made, and that it was not intended as a will, and the decree of the Court below is affirmed.

A. S. Hartwell for plaintiff.

W. R. Castle for defendant.

Honolulu, August 18, 1882.