## JONES v. EL RENO MILL & ELEVATOR CO.

No. 504.  Opinion Filed July 12, 1910.

(110 Pac. 1071.)

**PAYMENT—Pleading—Evidence.** Where the action is merely for an alleged existing balance due at the time of the institution of the suit, without reference to the extent or amount of original liability, evidence of payment is admissible under the general denial.

(Syllabus by the Court.)

*Error from Canadian County Court; H. L. Fogg, Judge.*

Action by the El Reno Mill & Elevator Company against J. E. Jones. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*Gillette, Libby & Gillette,* for plaintiff in error.
*W. L. Baxter,* for defendant in error.

KANE, J.  This was an action to recover a balance alleged to be due on an open account, commenced, by the defendant in error, plaintiff below, against the plaintiff in error, defendant be-low.  The petition alleged, in substance, that the plaintiff sold and delivered to the defendant certain merchandise amounting to the value of $864.85; that the defendant paid on said account the sum of $390.68, leaving unpaid thereon the sum of $474.17.  The answer was a general denial.  There was judgment for the plain-tiff in the court below, to reverse which this proceeding in error was commenced.

At the trial the court refused to permit the defendant to in-troduce evidence tending to prove the payment of certain items of the account stated, whereupon he asked leave to amend his answer by setting up said payments, which was refused.  The points made by counsel for plaintiff in error are:  (1) That the court erred in refusing evidence of the payments under the general denial; and (2) that the court erred in refusing to per-mit the defendant to file an answer during the trial setting up such payments.  Counsel for plaintiff in error contend that where the action is merely for an alleged existing balance due at the time of the institution of the suit, without reference to the ex-tent or amount of original liability, evidence of payment is ad-missible under the general denial, and cites *Quin v. Lloyd,* 41 N. Y. 349, and *White et al. v. Smith,* 46 N. Y. 418.  Those authorities seem to sustain the contention of counsel.

*Quin v. Lloyd, supra,* was an action to recover for work and labor.  The complaint stated the contract, the performance of the services, the stipulated price, and that on a certain day named

the defendant was indebted to the plaintiff in the sum of $333, being the balance remaining due after sundry payments, made by the defendant to the plaintiff. The answer was a general denial, under which the court held that the defendant could offer proof of payments. In that case Woodruff, J., said it was not necessary "for the plaintiff to sue for a balance as such; he might allege the contract, performance on his part and claim payment; and then, if the defendant desired to prove payments, he must allege payment in his answer; but, where the plaintiff sues for a balance, he voluntarily invites examination into the amount of indebtedness, and the extent of the reduction thereof by payments."

*White v. Smith, supra,* was also an action for work and labor, in which the complaint alleged the services to a specified amount in value, and that there was a balance due the plaintiff, after deducting all payments made by defendant to plaintiff thereon, of $175. The general denial, it was held, entitled the defendant to prove all the payments which he had made.

In 16 Enc. of P. & P. 181, this question is discussed as follows:

"Payment in such cases, it will be seen, is in no proper sense new matter; the action being expressly brought on the liability for the existing balance claimed. It is true that the liability sought to be enforced is part of the original liability; and it is apprehended that if the plaintiff had proceeded therefor, ignoring the partial payments, it would be necessary for the defendant to plead payment in order to introduce evidence of any payments made after the breach of the contract or maturity of the debt."

In the instant case it is alleged "that there has been paid and credited on said account the sum of $390.68, leaving unpaid thereon the sum of $474.17, which amount became due and payable on and prior to," etc. If plaintiff had sued on the account, ignoring the partial payments, it would have been necessary for the defendant to plead payment in order to introduce evidence of any payments made, and the cases cited by his counsel to the effect that payment is an affirmative defense which must be pleaded would be in point.

The judgment of the court below is reversed, and the cause remanded, with directions to proceed in conformity with the views herein expressed.

All the Justices concur.