### RICE v. KABAK.

(Supreme Court, Appellate Term.    May 4, 1911.)

PAYMENT (§. 65*)—BURDEN OF PROOF.

In an action for money had and received, where the answer was a general denial and payment, and plaintiff proved that he deposited with defendant $395.50, and had received on account $340.50, and the amount claimed in the summons was $55, the burden of proving payment was on defendant; plaintiff not being required to prove the negative.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 162–202; Dec. Dig. § 65.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Jacob A. Rice against Sam Kabak. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Barnett & Jablow (Ralph Barnett, of counsel), for appellant.
Barnett E. Kopelman, for respondent.

SEABURY, J. The pleadings in this case were oral. The complaint was one for money had and received, and the answer was a general denial and payment. The plaintiff proved that he deposited with the defendant, between November 9, 1910, and November 29, 1910, various sums aggregating in amount the sum of $395.50, and that he had received on account several sums amounting to the sum of $340.50. The amount claimed in the summons was $55. The justice of the lower court gave a judgment in favor of the defendant, and based his reason therefor primarily upon the ground that the plaintiff had failed to sustain the burden of proof.

Under the pleadings and the proof, the burden of proving payment rested upon the defendant, and not the plaintiff. Acharan et al. v. Samuel Brothers (Appellate Division, First Department, not yet officially reported) 128 N. Y. Supp. 943. The plaintiff was not required

to prove a negative, and establish the fact that he had not yet been repaid. The issue in dispute was a narrow one, and, as the court decided it upon the ground that the burden of proof was upon the plaintiff, the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.