## HARGADINE-McKITTRICK DRY GOODS CO. *et al.* v. BREEDLOVE.

No. 2495.    Opinion Filed January 7, 1913.

Rehearing Denied February 11, 1913.

(130 Pac. 267.)

**CORPORATIONS** — Stockholders' Liability — Action — Evidence. In a suit by the creditor of a corporation to recover a stockholder's liability, the same having been assigned to the creditor, when the alleged stockholder denies the subscription and denies all interest in the corporation, it is sufficient for the plaintiff to prove the subscription and the assignment to him, and the burden does not rest upon him to prove that the stockholder has not paid the subscription.

(Syllabus by Ames, C.)

*Error from Carter County Court;*
*W. D. Potter, Judge.*

Action by the Hargadine-McKittrick Dry Goods Company and others against C. V. Breedlove. Judgment for defendant, and plaintiffs bring error. Reversed and rendered.

*J. F. Bledsoe* and *R. N. McConnell,* for plaintiffs in error.

*W. F. Bowman* and *Potterf & Walker,* for defendant in error.

Opinion by AMES, C. This action was brought by the plaintiffs to recover from the defendant the sum of $500, which he owed the Model Dry Goods Company on a subscription for that amount of the capital stock of the corporation. The dry

goods company was indebted to the plaintiffs, and, as security for the indebtedness, assigned to a trustee for their benefit the defendant's subscription, together with a number of others. The defendant's answer contained a general denial, and, in addition, a specific denial that he had any interest in the Model Dry Goods Company, directly or indirectly, or that he ever subscribed to the capital stock of that company. The answer did not plead payment of the subscription, but, as stated, a denial of the existence of the subscription. The evidence sustained the allegations of the petition, showed a subscription by the defendant to the capital stock of the Model Dry Goods Company, and the assignment thereof to the plaintiffs. The plaintiffs' evidence did not show nonpayment of the subscription. The defendant demurred to the evidence, and, upon an inquiry from the court whether he had any evidence to offer, stated that he would stand upon the demurrer. The court thereupon rendered judgment for the defendant, upon the ground that it devolved upon the plaintiffs to prove nonpayment of the subscription. This was error. The plaintiffs proved that the subscription had been made, and its assignment to them. The defendant had denied making the subscription. He had not pleaded payment thereof. Under these circumstances, it was not necessary for the plaintiffs to prove nonpayment; and it is even doubtful whether, under the issues raised by the pleadings, the defendant could have proven payment, as he had not admitted the subscription or pleaded payment.

In *Jones v. El Reno Mill & Elevator Co.*, 26 Okla. 796, at page 798, 110 Pac. 1071, at page 1072 (Ann. Cas. 1912B, 486), the court held that where the action is merely to recover a balance due, without reference to the extent of the original liability, evidence of payment is admissible under a general denial, and in holding that, under the facts of that case, it was not necesary to affirmatively plead payment, says:

"If plaintiff had sued on the account, ignoring the partial payments, it would have been necessary for the defendant to plead payment in order to introduce evidence of any payments made; and the cases cited by his counsel, to the effect that pay-

ment is an affirmative defense, which must be pleaded, would be in point."

In *Dickson v. Wainwright* (Ga.) 73 S. E. 515, it is held that, when in a suit on an account the only defense is a denial of the account, it is not error to exclude the testimony of the defendant that the account sued on had been fully paid. The following authorities also support the holding that it was unnecessary for the plaintiff to prove nonpayment: *Camden v. Stuart,* 144 U. S. 104, 12 Sup. Ct. 585, 36 L. Ed. 363; *Ferguson v. Dalton,* 158 Mo. 323, 59 S. W. 88; *West Pub. Co. v. Corbett,* 165 Mo. App. 7, 145 S. W. 86; *Wessel v. Bishop,* 76 Neb. 74, 107 N. W. 220; *Barrett-Hicks Co. v. Glas,* 14 Cal. App. 289, 111 Pac. 760; *Melone v. Ruffino,* 129 Cal. 514, 62 Pac. 93, 79 Am. St. Rep. 127; *Lapham v. Kansas & Texas Oil, Gas & Pine Line Co.,* 87 Kan. 65, 123 Pac. 863; *Rice v. Kabak,* 72 Misc. Rep. 16, 128 N. Y. Supp. 1092; *Ives v. Male,* 75 Misc. Rep. 387, 135 N. Y. Supp. 526; *Fein v. Meier* (N. J. Sup.) 58 Atl. 114. Counsel for defendant in error do not call our attention to any authorities on the subject.

The judgment of the trial court should be reversed, and the cause remanded, with instructions to render judgment for the plaintiffs.

By the Court: It is so ordered.