## CITY OF HEAVENER v. TERRY.

No. 14740—Opinion Filed Oct. 7, 1924.

1. **Payment—Pleading— Evidence—Balance Due on Sewer Contract.**

Where an action is based upon an account made up from an item less by reason of a partial payment than the sum total as the balance due in estimate of engineer, together with other items not listed in said estimate, said account representing the balance due under a sewer construction contract, and defendant answers by general denial and pleads payment in general, it is proper to introduce evidence to show payment in terms of the contract or in other terms than those originally agreed on.

2. **Municipal Corporations—Sewer Contract —Estimates of City's Engineer—Conclusiveness.**

Under a sewer construction contract, where the engineer is agent for the city in superintending the work and making up the estimate for the payments, said estimates are conclusive and binding on the city and not subject to challenge except for fraud or mistake.

## 3. Pleading—Allowance of Trial Amendments.

Under section 318, Comp. Stat. 1921, the court may allow amendments to the pleadings during the trial of the cause and where the amendment proposed is reasonable and its substance necessary to complete the meaning intended by the petition or answer and without the amendment the meaning would be lost, the court should allow the amendment on such terms as are proper under all the facts and circumstances of the case.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by J. S. Terry against the City of Heavener for balance due on contract. Judgment for plaintiff, and defendant brings error. Reversed and remanded for a new trial.

W. H. Brown, Foster V. Phipps, A. A. Ellerbee, and Grover Flanagan, for plaintiff in error.

R. P. White and L. V. Reid, for defendant in error.

Opinion by THREADGILL, C. This case presents error from the district court of LeFlore county. J. S. Terry, defendant in error, as plaintiff, brought suit against the city of Heavener, plaintiff in error, as defendant, for a balance due him as contractor on a sewer construction contract, and, for convenience, the parties will be designated herein as the contractor and the city as they referred to plaintiff and defendant in the district court. The contractor filed his petition in the district court stating that he had made and entered into a certain contract with the city by the terms of which the city agreed to pay him the sum of $34,500, with certain additions thereto and deductions therefrom as might arise in the installation of the sewer system to be constructed, and a copy of the contract was attached to the petition and made a part of it. This contract was in the usual form of contracts for sewer and waterworks systems for municipalities in this state in general. The contractor was to do the work satisfactory to the engineer, who represented the city, and a certain per cent. of the work was to be paid for by the month as the work progressed, and under certificates of the amount due as made by the engineer as the agent of the city, and the final payment was to be made under a certificate of the amount due, and the same was to be conclusive evidence of the completion of the contract.

The petition states that the contractor fulfilled the terms and conditions of the contract as was conclusively shown by the final estimate of the engineer in charge of the work and the amount due as the final payment, as shown by the final estimate, was the sum of $1,247.24, with interest thereon at the rate of six per cent, per annum from July 12, 1920. A copy of the final estimate is attached to the petition and made a part of it, that subsequent to the final estimate a payment of $700 was made by the city to the contractor, that an item listed as $410 in the final estimate being for 20½ days delay was to be paid when and after one F. W. Kenney & Company shall have obtained judgment against the contractor for said sum. The petition states that, in defending against the said action, he was at an expense in the sum of $149.12, and that the said defendant, city, was justly indebted to him in the sum of $1,247.24, "as is fully shown by statement thereof and claim therefor, which said statement and claim are hereto attached, marked exhibit 'C' and made a part hereof." It is further stated that payment was demanded and the same refused by the city. The prayer of the petition is for the sum of $1,247.24, with six per cent interest per annum from July 12, 1920. The final estimate attached to the petition was as follows:

"Heavener, Oklahoma.
"July 12, 1920.

"To the Honorable Mayor and City Council of the City of Heavener, LeFlore County, Oklahoma.

"Gentlemen:

"I herewith submit my final estimate of section B of the General Sewer System with Contractor, J. S. Terry.

| | | |
|---|---|---|
| "Contract price | $34,500.00 | |
| "82.83 yards concrete at $20 | 1,656.60 | |
| "354.77 yards loose rock at $3 | 1,064.31 | |
| "Two man holes extra at $25 | 50.00 | |
| "Water line acct. | 80.55 | |
| "20½ days delay on acct. of no material on job machine contract at $20 | 410.00 | |
| | $37,761.46 | |
| "Less payments | | $33.895.60 |
| "Less on flush tank | | 40.00 |
| "Less difference in rock taken out 682.68 yds. and 994.64 yds. as shown by plans dif. 311.96 yds at | | |

$6.50                           2,027.74

                              ―――――――――
                              $35,963.34

"Balance due         $1,798.12

"It is understood and agreed that the item credited to the account of said J. S. Terry shall only be paid by the said city of Heavener when and after F. W. Kenney & Company shall have obtained judgment against the said J. S. Terry; the item referred to being the one listed for $410.00 on 20½ days delay on acct. of no material on job machine contract.

                 "Respectfully submitted,

                 "Tom L. Green Engineering Co.,

                 By James Gates.

                        "Consulting Engineers.

"J. S. Terry,

    "Contractor Section B."

The final account as presented to the city council for payment was as follows:

             "Poteau, Oklahoma, Feb. 15, 1922.
"City of Heavener,

"Heavener, Oklahoma.

   "To J. S. Terry, Dr.

"1920

"July 14.  Balance due on Sewer
    Contract, as per Final Esti-
    mate July 12, 1920        $1,098.12

"1921

"March 29  J. S. Terry's R. R.
    fare and hotel bill to Okla-
    homa City, attending Kenney
    trial                         27.05

"Nov. 12  J. S. Terry's R. R. fare
    and hotel bill to Oklahoma
    City, attending Kenney trial  22.38

"1922

"Jan. 6    Interest and costs on
    Kenny judgment                48.69

      Lawyer's  fee  $50,  Tele-
      phone $1.00                 51.00

                              ―――――――――
                              $1 247.24"

This account was verified.

The city filed an answer consisting of general denial and pleading further payment of all claims due the contractor for the work of the sewer system under the contract.

The issues were tried to a jury and resulted in an instructed verdict for the amount sued for, and judgment was entered accordingly, and the city appealed by petition in error and case-made, stating 12 assignments of error, and urging them under 5 propositions, as follows:

"1. The court erred in refusing to permit the city to prove that warrant number 751 for the sum of $700 truly represented the balance remaining unpaid under the contract, and was issued and delivered by the city to the contractor, and accepted by him. in full payment of such balance.

"2. The court committed error in refusing to allow the city to show by evidence that the item of $638.80 charged to the city by the contractor was not a proper charge against the city, but was an item for which the contractor, and not the city, was bound under contract.

"3. The court erred in refusing to allow the city to amend its answer.

"4. The court erred in rendering judgment for an amount exceeding that for which the suit was brought.

"5. The court erred in overruling the city's motion for a new trial."

1. The first proposition is based upon the ruling of the court in refusing to permit the city to introduce testimony tending to prove that after the final estimate was made by the engineer that the city settled with the contractor in full for $700.

It will be observed that the final estimate as above stated does not show a payment of $700, neither does the account upon which the action is based show this item, but the last item in the estimate being $1,798.12, and the first item of $1,098.12 stated in the account as balance due in contract as per final estimate July 12, 1920, shows that the contractor in making up the account from the estimate of the balance due gives the city credit for a payment of $700, and the contractor in his testimony explained that this $700 credit was a payment made by the city after the estimate was rendered, that at the time he and the city council went over the estimate and considered it together, it was understood that the $410 for the 20½ days delay on account of no material on job machine contract was to be taken from the $1,798.12 for the present, and it was agreed and a resolution was passed, he states, ordering the city clerk and mayor pro. tem., to pay him $1,388.12, and he stated that the clerk would have issued the warrant in payment of that amount at that time, but he did not have his warrant book, and it was agreed that he would issue the warrant for $1.388.12, and send it to him the next day, but he states they failed to send him the warrant, and a few days thereafter he went to see why they did not send the warrant, and he got the city council together, and he asked them to pay him whatever they could or whatever they thought would be the difference, and he would accept it, and they would thresh out the difference at a later date in as much as the $410 was to be settled at a later date, and they paid him $700.

This was his explanation of how this payment was made.

The city offered to prove that the $700 payment was in full settlement of the final estimate, including the items of expense connected with the $410 as a judgment against the contractor, that the city was to pay, and the court refused to allow this evidence on the theory that the city was bound by the final estimate, and that in order to introduce testimony to show that the estimate was paid, it was necessary to plead the payment in definite terms of the contract by the answer, and, in-as-much as the city only pleaded a general denial and payment of the account in general terms, such proof was not admissible. The court also held that the payment the city contended for was, in legal terms, accord and satisfaction, and, in order to make the testimony offered admissible on this theory, it was necessary to plead facts showing the obligation discharged in terms other than those originally agreed on.

The court's theory of the case would have been correct if the action had been based upon the whole amount involved in the contract, but being for a balance due at the time of the institution of the suit, and without reference to the extent or amount of the original liability, evidence of payment is admissible under general issue. This rule is stated and upheld by R. C. L. vol. 21, pages 115-116, in the following language:

"Under the code system of pleading, payment is new matter constituting a defense and must be pleaded by the defendant, and it cannot be proven under a general denial, either in bar or mitigation of recovery. In England the whole common law practice of receiving evidence of payment, and other special defenses under the plea of nil debet and non assumpsit, has been swept away by statute. making the practice there similar to the new system of pleading under the code in the United States. Nothing is admissible under the general denial which does not controvert an allegation in the complaint that the plaintiff is bound to prove to make a prima facie case. The complaint, it is true. ordinarily avers that the instrument sued on has not been paid; still, proof of that averment is not ordinarily required and therefore it is not put in issue by a general denial, though there are authorities opposed to this view. There seems. however. to be a well settled exception to this rule. Where an allegation, not stated as a conclusion of law, is so framed that an issue is presented by the traverse on the fact of the amount due, proof of payment is admissible without an affirmative plea in the nature of a further defense. Thus where a person sues to recover a balance due, which he alleges not merely as a conclusion of law but as a fact, and which he must prove in order to sustain his action, it is well settled that the defendant may show payment under a general denial, because the amount of the indebtedness, being the only fact alleged by which it may be said to exist, it is traversable; and, being traversed, it is proper to show payment under the issue thus formulated, to refute the fact of its existence."

Our own court supports the rule in the case of Jones v. El Reno Mill & Elevator Co., 26 Okla. 796, 110 Pac. 1071.

The syllabus states as follows:

"Where the action is merely for an alleged existing balance due at the time of the institution of the suit, without reference to the extent or amount of the original liability evidence of payment is admissible under the general denial."

The same rule is stated in the case of Hargadine-McKittrick Dry Goods Co. v. Breedlove, 36 Okla. 768, 130 Pac. 267. See, also, 16 Ency. Pl. & Pr. 181; Quinn v. Lloyd, 41 N. Y. 349; White v. Smith, 46 N. Y. 418; McElwee v. Hutchinson. 10 S. C. 436; Morley v. Smith, 4 Kan. 183; Robertson v. Robertson, 37 Ore. 339, 62 Pac. 377. It would thus appear that the theory and rule of the court were correct as to the general rule, and erroneous as to the case at bar which comes under the exception.

The contractor contends that the rule stated in the above cases is not applicable to the case at bar, for the reason the account sued on was the final estimate of the engineer, and under the contract this estimate was conclusive and binding upon both parties. We cannot see any difference in the final estimate of the engineer under the contract involved and an account stated as a balance due between the parties in any other transaction, and the question involved here is not the correctness of the account but whether or not it was paid. It is true the final estimate was conclusive and binding upon the city except for fraud or mistake. and the account sued upon, for the greater part, was a balance due on the whole contract, but the $700 credit is no part of the engineer's estimate, and the four items of expense connected with the $400 judgment, in the sum of $188.62, are no part of the estimate, and yet all these items entered into the final account of the balance due upon which the suit is based. The city might not dispute the items of the final estimate as the balance due under the contract except for fraud or mistake, but the $700 paid and the items not listed in the final estimate would not be binding upon the city

as stated by and testified to by the contractor. It will be observed that the action is not based upon the final estimate of the engineer, but upon an account made up from the balance due in such estimate after giving credit for $700, which is not stated, and the other items added, making up the full amount of the balance due, and this account so made up and stated is verified, and we think the rule above quoted and supported by the decisions of this court as well as other states is applicable. The rule is also applicable for same reasons where the issue is accord and satisfaction for a balance due.

Plaintiff further contends that since the correctness of the final estimate of the engineer was not challenged by a verified answer he was entitled to judgment on the pleadings except as to the four items of expenses connected with the $410 judgment. We do not see any merit in this contention. We do not think that the estimate of the engineer could be challenged by the city for correctness by verified answer of general denial. The only challenge to this estimate is for fraud or mistake, the same as in case of an account stated, and since the first item of this account sued on is $1,098.12, and stated as balance due on sewer contract as per final estimate, July 12, 1920, and the last item in the final estimate of July 12, 1920, is for the sum of $1,798.12, making a difference of $700, and no item in either account as to where the $700 came from, and the other items in the account added to the $1,098.12, are not listed in the final estimate and yet are stated as a part of the balance due, under the sewer construction contract, and there being no allegation in the plaintiff's petition as to the correctness of the account, it would not be necessary for the answer denying the same to be verified. The Sawyer-Austin Lumber Co. v. The Champlain Lumber Co., a Corporation, 16 Okla. 90, 84 Pac. 1093.

2. Defendant's second proposition alleges error of the court in refusing to allow the city to prove that an item of $638.80, charged to it by the contractor, was not a proper charge, but was an item for cement, the contractor was to furnish, and not the city. After the view already expressed and under the contention of the city that the $700 paid the contractor was in full satisfaction of all its liability under the contract, we do not think it necessary to consider at any length this proposition. As a general rule we may say that an account agreed on by the parties cannot thereafter be challenged by either party except for fraud or mistake, and, in order to make the challenge, it is necessary to allege facts of the particular fraud or mistake claimed by the complaining party. We can see where it might be material to show that this item was a mistake as giving a reason why the balance due on the contract was settled by the $700 payment, but we are inclined to the opinion that in order to introduce evidence of the mistake it would be necessary to allege facts in the answer showing such to be the case.

3. The city further complains in its third proposition that the court erred in refusing to allow it to amend its answer during trial. The matter of amendments to pleadings during the progress of the trial, as often stated by this court, is a matter largely within the discretion of the trial court and its ruling will not be disturbed on appeal without it appears from the record that there was an abuse of discretion in this respect. Section 318, Comp. Stat. 1921, provides as follows:

"The court may, before or after judgment, in the furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense."

In the case of E. Van Winkle Gin. & Machine Works v. Brooks, 53 Okla. 411, 156 Pac. 1152, this court stated:

"Amendments of pleadings may be allowed in furtherance of justice when such amendments do not substantially change the cause of action or defense. This change does not refer to the form of the remedy, but to the general identity of the transaction."

The city offered to amend its answer in two particulars, the first as to the item for furnishing cement in the sum of $638.80, the amendment proposed being as follows:

"We offer to amend our petition (answer) so as to show that the original bid of J. B. Terry for the work under section B included in the contract was for furnishing all material and labor necessary to install this sewer system, especially concrete, at $20 per cubic yards in place, and that as a matter of fact he charged us $20 for the labor, and we had to pay for the concrete the sum of $638.30. We offer to amend so as to show that the engineer made a gross mistake in his final estimate in allowing Mr. Terry to charge the city of Heavener $20 per cubic yard for the laying of the concrete, the material of which he did not furnish."

The second amendment was to show payment of $700 in full settlement with the contractor. and was as follows:

"Defendant offers to amend its answer so as to state that on the 13th day of July, 1920, in the city of Heavener. J. S. Terry and his counsel. T. T. Varner, being present with the city council, that all these items were gone into and it was agreed by and between the said J. S. Terry and his attorney, T. T. Varner, and the city council of the city of Heavener, that said indebtedness should be truly represented as a sum of $700, instead of the amount shown in the engineer's final estimate, and that the city council thereupon issued warrant No. 751 for the sum of $700 in full settlement of said claim, and the said J. S. Terry accepted the same as such."

If the court took the view that the defendant city could not introduce evidence to prove the facts proposed by these amendments without pleading them in its answer, then, in furtherance of justice and that the city might have a fair chance to make its defense, the court should have permitted the amendments.

As to the fourth proposition, that the court erred in rendering judgment for an amount in excess of that for which the suit was brought, this error would be easy of correction, by reforming the judgment to comply with the contention made, and which seems to be correct in excess of $30, but since the cause must be reversed for a new trial we will not undertake to correct the judgment appealed from. We therefore recommend that the cause be reversed for a new trial not inconsistent with the views herein expressed.

By the Court: It is so ordered.